Elijah MINER, Appellant,

v.

Mary MINER, Appellee.

No. 3230.

District of Columbia Court of Appeals.

Argued May 27, 1963.

Decided July 12, 1963.

Rex K. Nelson, Washington, D. C., for appellant.

---

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This was a suit under the Uniform Reciprocal Enforcement of Support Act.[1] Pursuant to the provisions of a similar act in Virginia, the wife filed a petition in the Juvenile and Domestic Relations Court in South Norfolk to compel support for herself and five minor children. The certified petition was then transmitted to the District of Columbia as responding state where the husband now resides. An order to show cause was issued, but when the husband appeared, pro se, he disclaimed any duty to support his wife on the ground that since their separation in 1955, the wife had borne a child out of wedlock. A pendente lite order was issued directing the husband to pay $15 per week for the support of three children living with the wife—the remaining two were living in Virginia with relatives of the wife—and the case was continued.

After several additional continuances, the husband appeared with counsel on December 11, 1962. At this time a consent order signed by counsel for both parties in the amount of $15 per week was presented to the court. Upon inquiry by the court the husband stated that he had a net take-home salary of $53.55 per week and that he was living with and supporting a woman in the District of Columbia and their three children born out of wedlock. The court found that the husband had a primary duty to his wife and dependents in Virginia and that the $15 provided in the consent order was insufficient for their support. Therefore,

the court refused to approve the consent order, and entered an order directing the husband to pay $60 every two weeks for the maintenance and support of his wife and dependents in Virginia. The husband has appealed.

The principal question is whether the award constituted an abuse of discretion in failing to consider the needs of the husband's three illegitimate children in the District of Columbia. While this contention is not without merit, we affirm.

In situations involving the support or custody of children we have repeatedly said that the primary consideration is the best interests and welfare of the child. Since this jurisdiction recognizes that illegitimate children are owed a duty of support by their natural fathers,[2] we cannot escape the fact that in this case there are not five but eight children to feed and clothe. The sad fact is that it will be impossible for the husband to meet fully his obligations, and it will be necessary for either his wife or the woman with whom he is living in the District of Columbia to seek aid from an appropriate governmental agency. It further appears that such a course will not be open in the District of Columbia unless the husband abandons his home and seeks new living quarters. While we neither approve nor condone the husband's conduct, we recognize that there would be some value in preserving the father-child relationship in the District of Columbia which the trial court's order will undoubtedly bring to a quick close. We would deny the teaching of modern psychology were we to conclude that because the children in the District of Columbia are illegitimate they do not regard this man as their father, or that his ejection from the home in which they live will be necessarily in their best interests and welfare. Nevertheless, we find that there are considerations of greater force and importance pointing to a contrary conclusion.

1. Code 1961, § 11–1601 et seq.

2. Code 1961, § 11–951 et seq.

In strikingly similar circumstances a New York court made the following remarks:

"* * * as between the community and the one that is primarily chargeable with the support of dependents, the one so charged must meet that obligation. Apply that rule as to the responsibility of a father and a spouse as between his wife and his children and his mistress and the child which he had brought into the world with the mistress, his primary obligation is to the wife and to the children. If he is unable to care for two families, as in this case, the family which is the result of a marital relationship sanctioned by moral considerations and the law is entitled to support before and in preference to the person for whom he had left his wife and his children.

"I am not unmindful of the fact that it is within the realm of possibility in this case that he cannot carry the burden of the two families, as I have already said, and one or the other would have to resort to the public for support. As a matter of decency, simple ethics supporting moral considerations, the woman who is not the wife of the man should be the one applying for public relief, and in a proper case I am sure the Department of Welfare will accord that relief. * * * I am thinking not only of the woman who is the wife of this man, but I am also thinking of the three children. I don't know whether these children know of the condition which makes possible their continuing to live by virtue only of the relief which is granted to them by the community. If they do, it must be a frightful trauma to their sensibilities, to their sensitiveness, and an impediment to moral and ethical growth."[3]

Considering that there are five children in Virginia, we feel an award of $60 every

two weeks was reasonable and did not constitute an abuse of discretion.

We find the other assignment of error without merit.

Affirmed.

HOOD, Chief Judge, concurs in the result.

---

3. McCarthy v. McCarthy, Dom.Rel.Ct., 94 N.Y.S.2d 801, 803 (1950); Cf. Kephart v. Kephart, 89 U.S.App.D.C. 373, 377, 193 F.2d 677, 680 (1951), cert. denied, 342 U.S. 944, 72 S.Ct. 557, 96 L.Ed. 702 (1952).