James Lee MITCHELL, Appellant,

v.

Betty MITCHELL, Appellee.

No. 4620.

District of Columbia Court of Appeals.

Argued July 8, 1969.

Decided Oct. 15, 1969.

Woodley B. Osborne, Washington, D. C., for appellant.

Ted D. Kuemmerling, Asst. Corporation Counsel, with whom Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee.

Before KELLY, FICKLING and NEBEKER, Associate Judges.

KELLY, Associate Judge:

On September 1, 1965, in a reciprocal support action in the Domestic Relations Branch of the trial court, appellant consented to pay $25 per week for the support of his wife and three minor children who lived in Richmond, Virginia. Shortly thereafter, when a fourth child was born, appellant agreed to an amended order providing for payments of $30 per week for the wife and four children.[1]

In August, 1967, when appellant was $1,459 in arrears in his payments, appellee, through the Corporation Counsel, moved the court for an order to show cause why

---

1. Appellant was without counsel when he consented to the entry of each of these orders.

he should not be held in contempt. Appellant opposed the motion and simultaneously moved for a reduction in the amount of the previously adjudicated payments for support. At a hearing on both of these motions appellant was called upon to testify as to his weekly income and expenses. It developed that the latter included a voluntary payment of $8 per week to a baby sitter for the care of a later-born illegitimate daughter while the child's mother was at work. At the close of the hearing the trial court denied appellant's motion for reduction of support payments and found him in contempt of court for failure to make such payments although able to do so.

It is claimed that the trial court based its ruling on an erroneous conception of the law; namely, that "it was bound by appellate decisions not to consider the needs of the defendant's natural child or 'second family,' in passing on the motion to reduce, or in considering defendant's ability to comply with the support orders." [2] In our judgment, however, this language illustrates the application to the facts in this case of our holding in Miner v. Miner, D.C.App., 192 A.2d 811 (1963), cited in Jefferson v. Jefferson, D.C.App., 192 A.2d 813, 814 (1963), to be that

> * * * as between the claims of legitimate and illegitimate children the children who are the result of a marital relationship are entitled to support from their father before and in preference to those born through an illicit association.

As in *Miner* and *Jefferson*, appellant here is admittedly unable to care for two families on a professed income of $68 per week. In such a circumstance the trial court did not abuse its discretion in denying appellant's motion to reduce support payments and in holding him in contempt.

Appellant also argues that the ruling of the trial court denies his illegitimate daughter equal protection of the law.

Undeniably, both legitimate and illegitimate children are equally protected in their right to support from their father, yet a father's primary obligation to support the children of his original family is not affected by a subsequent obligation he might incur to support other children whether legitimate or illegitimate. Armstrong v. Armstrong, D.C.App., 241 A.2d 735 (1968).

We find no error in the judgment of the trial court.

Affirmed.

---

2. Agreed Statement of Proceedings and Evidence, R. 42.