**HUSBAND (K), Defendant below, Appellant,**

**v.**

**WIFE (K), Plaintiff below, Appellee.**

Supreme Court of Delaware.

Argued March 25, 1975.

Decided July 24, 1975.

Donald W. Booker, Wilmington, for defendant below, appellant.

Joel D. Tenenbaum, of Woloshin & Tenenbaum, Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

PER CURIAM:

This is an appeal from an interim order entered in Family Court in a civil action for support and custody.[1] Defendant contends that the Family Court lacks authority to order him to report to a support officer and abused its discretion in the award of support and limitation of visitation.

I

The record reflects that Mr. and Mrs. K. are divorced. Their three children reside with their mother. For her to provide the children with adequate care in a home environment under acceptable parental supervision requires an expenditure of at least $750 a month in addition to performance of countless household chores which a cus-

---

1. The new 13 Del.C. § 515 provides in its pertinent part regarding appeals from the Family Court in support and custody cases:

    (a) All parties to a civil action brought pursuant to this chapter shall possess . . . the following:

    (3) Right to appeal to the Supreme Court of the State, on the record, from interlocutory or final orders or judgments . . . . .

todial parent must perform. Mrs. K. not only does those chores, but contributes to the home $356 a month, her net pay from Catholic Social Services. This leaves a balance of $400 a month which must, if possible, come from Mr. K.

Mr. K. is a real estate salesman. His assets are $3,000 in a. checking account. His income during the ten months prior to the hearing amounted to but $2,000, and he is not working at present. Mr. K.'s productivity has been substantially curtailed by emotional problems, most likely due in part to the dissolution of his marriage and the breakup of his family.

The Trial Judge determined that Mr. K. should not be permitted to retain more than enough to provide his own basic needs until the needs of his children have been supplied; further, that if he rents a room, eats the most inexpensive food, buys clothing only when necessary, and generally tightens his belt, he should be able to get by on $400 a month including the cost of work-related transportation and health care.

Pending final judgment, an interim order [2] was entered directing Mr. K. to pay $300 per month to Mrs. K. for the support of the three children, and to report to his support officer each week concerning his employment until such time as he obtains a job and begins to earn a substantial income. In addition the issue of custody was referred to staff for investigation and recommendation within three months, and visitation was limited to each Sunday.

## II

We find without merit defendant's contention that the Family Court lacks authority to require him to report to a support officer once a week because this proceeding was civil in nature and not criminal. Such action is within the province of the Family Court under 13 Del.C. § 513(6) [3] as part of its implicit power to assure compliance with a support order. We agree that, under the facts of this case, it is desirable to monitor defendant's efforts to realize his earning potential and to become a productive father capable of providing sufficient support for his children.

## III

Defendant's contention that the award of support is beyond his means and an abuse of discretion also lacks merit. 13 Del.C. § 513(1) [3] provides authority for the order of support and 13 Del.C. § 514 [4] provides the guidelines.

---

2. 13 Del.C. § 512 provides:
   At any time before trial upon petition of the complainant and upon notice to the defendant, the Court shall conduct a hearing and thereafter may enter such interim order, pending final judgment, as seems just, for the support of any dependent for whom support is sought. (27 Del.Laws, c. 262, § 3; Code 1915, § 3036; 35 Del.Laws, c. 189, § 1; Code 1935, § 3529; 13 Del.C.1953, § 504; 59 Del.Laws, c. 567, § 1.)

3. 13 Del.C. § 513 provides in its pertinent parts:
   (1) Order the defendant to pay a certain sum periodically into the Court or directly to a dependent, his guardian, custodian, or trustee, for his support for so long as the obligation of support shall exist;
   (6) Enter such other orders as the Court of Chancery heretofore possessed the power to enter, and as the interests of the parties may require, including but not limited to orders of custody and visitation. (27 Del. Laws, c. 262, § 4; Code 1915, § 3037; Code 1935, § 3530; 46 Del.Laws, c. 92, § 1; 13 Del.C.1953, § 506; 59 Del.Laws, c. 567, § 1.)

4. 13 Del.C. § 514 provides:
   In determining the amount of support due to one to whom the duty of support has been found to be owing, the Court, among other things, shall consider:
   (1) The health, relative economic condition, financial circumstance, income, including the wages, and earning capacity of the parties, including the children;
   (2) The manner of living to which the parties have been accustomed when they were living under the same roof;
   (3) The general equities inherent in the situation. (59 Del.Laws, c. 567, § 1).

■ A person responsible for support of children cannot limit (by declining to work or otherwise refusing to achieve his reasonable earning capacity) the power and duty of the Court to make an award which is otherwise reasonable under the circumstance. Such conduct is relevant in a contempt hearing, but it is not controlling when the Court is fixing the amount of support. Here, because of defendant's potential earning capacity and assets, we find no abuse of discretion in such a temporary order.

■ Defendant's limited visitation privileges are within the scope of the Family Court's authority under 13 Del.C. § 513(6),[3] and in the absence of an order of visitation which appears on its face to be clearly unreasonable, this Court will not disturb it. *duPont v. duPont,* Del.Supr., 34 Del.Ch. 267, 103 A.2d 234 (1954). Under the existing circumstances we do not find limited visitation unreasonable.

Affirmed.