**In the Interest of T.J.T., M.J.T., and A.C.T., Children,**

**J.T. and S.T., Parents, Appellants.**

**No. 84–371.**

Court of Appeals of Iowa.

Sept. 25, 1984.

Robert H. Story of Anderson & Story, Cresco, for natural parents (appellants).

Frank D. Elwood of Elwood & Elwood, Cresco, for guardian ad litem (appellee).

Thomas J. Miller, Atty. Gen., and Brent D. Hege, Asst. Atty. Gen., for appellee State.

Heard by OXBERGER, C.J., and SNELL and SACKETT, JJ.

PER CURIAM.

The natural parents appeal from a juvenile court order terminating their parental rights with respect to three children. The termination order was signed by a juvenile court referee rather than by a judge.

Under Iowa Code § 602.7103, a referee "shall have the same jurisdiction to conduct juvenile court proceedings and to issue orders, findings, and decisions as the judge of the juvenile court..." 1983 Iowa Acts ch. 186 § 8103 (codified at Iowa Code Supp. § 602.7103(2) (1983)). Parties to a hearing are entitled to a review by a judge of the juvenile court of the referee's order, finding, or decision. 1983 Iowa Acts ch. 186 § 8103 (codified at Iowa Code Supp. § 602.-7103(3) (1983)). Such a review is to be requested within ten days of the referee's order. However, in the interest of justice, a judge may allow a rehearing at any time. *Id.*

In this case, the parties made no request for a review of the referee's decision. Without an order by the juvenile court judge, we hold that we do not have subject matter jurisdiction. This case is therefore remanded for the limited purpose of obtaining a review of the referee's decision and an order from the juvenile court judge from which appeal will lie.

If the juvenile court judge affirms the referee's decision, the clerk of court shall certify the order directly to this court for review. In the event the referee's decision is not affirmed, the parties shall expedite such appeal as is appropriate.

REMANDED.