In the Interest of D.W.K., A Minor,

Upon the Petition of Randy Snavely, Appellant,

And Concerning N.K., Respondent,

Iowa Department of Human Services, Intervenor-Appellee.

No. 84–133.

Supreme Court of Iowa.

March 20, 1985.

Rehearing Denied April 15, 1985.

Mark S. Soldat, Algona, for appellant.

Thomas J. Miller, Atty. Gen., Gordon Allen, Sp. Asst. Atty. Gen., and Robert Huibregtse, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

REYNOLDSON, Chief Justice.

The novel question presented by this appeal is whether the district court may dismiss a father's petition for voluntary termination of his parental rights where one or more of the Iowa Code section 600A.8 grounds are established, but the termination is not otherwise in the child's best interests. We hold the district court may dismiss under such circumstances, and affirm.

I. Petitioner Randy Snavely is a twenty-seven year old man of limited education and means. He left school after the eighth grade, served six months in the army and took some courses in body work at the Iowa Lakes Community College. Snavely now is employed by ABC Ready Mix of Algona, earning approximately $5 per hour.

December 4, 1976, Snavely's then girl friend, N.K., gave birth to D.W.K. Two days later N.K. made an assignment of support payments to the Iowa Department of Social Services. In March 1977, Snavely started living with N.K. This arrangement continued for approximately one year until, after continuous bouts of heavy drinking, Snavely left.

In early 1978, Snavely committed himself to an alcohol rehabilitation program. In August, following his treatment, he married his present wife, after acknowledging paternity of a son born to her. To date Snavely and his wife have had three children.

October 30, 1978, the Iowa District Court for Palo Alto County filed a paternity order naming Snavely the father of D.W.K. and ordering him to pay $100 per month child support. July 21, 1983, the district court amended downward the support Snavely was to pay for D.W.K.'s support, and his obligation currently stands at $75 per month.

September 27, 1983, Snavely filed a petition seeking to terminate his parental rights in D.W.K. under section 600A.8. The state of Iowa intervened and moved for dismissal. Hearing was held October 19, 1983, before a juvenile court referee. Snavely testified with brutal frankness that he had no regard for D.W.K. and intended to show no interest in him whatsoever.

December 19, 1983, the referee filed an order dismissing Snavely's petition. The referee found Snavely's "primary motive in terminating this relationship is to ... free himself from the support obligations previously ordered." The referee concluded that "even though statutory grounds for termination as established by [s]ection 600A.8 may be ... established, the [c]ourt is not required to terminate the relationship unless the welfare of the child will be best served thereby." Neither party requested that the judge of the juvenile court review the referee's order. *See* Iowa Code § 602.-7103 (Interim Supp.1983).

Snavely filed timely notice of appeal.

II. After oral argument, one of the parties raised the question of our subject matter jurisdiction. This was proper because the issue of subject matter jurisdiction may be raised at any time. *Uchtorff v. Dahlin*, 363 N.W.2d 264, 267 (Iowa 1985); *Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 468 (Iowa 1978).

The question concerns the proper interpretation of Iowa Code section 602.7103 (Interim Supp.1983). That section provides in relevant part:

2. The referee shall have the same jurisdiction to conduct juvenile court proceedings and to issue orders, findings,

and decisions as the judge of the juvenile court, except that the referee shall not issue warrants. However, the appointing judge may limit the referee's exercise of juvenile court jurisdiction.

3. The parties to a proceeding heard by the referee are entitled to a review by the judge of the juvenile court of the referee's order, finding, or decision, if the review is requested within ten days after the entry of the referee's order, finding, or decision. A request for review does not automatically stay the referee's order, finding, or decision. The review is on the record only, unless the judge, upon request or upon the judge's own motion, orders otherwise. In the interests of justice, the judge may allow a rehearing at any time.

■■■ We have jurisdiction of appeals taken from final decisions of the district court. Iowa R.App.P. 1. Section 602.-7103(3), above, raises the question whether a referee's order is final for purposes of appeal when the parties, as here, decline to exercise their right to seek a judge's review. We note that "[t]he referee shall have the same jurisdiction to ... issue orders ... as the judge of the juvenile court." Iowa Code § 602.7103(2) (Interim Supp.1983). We hold that, under this section, parties are not required to seek a juvenile court judge's review of a referee's decision in order to render it final for purposes of review. Because no review was requested in this case, the referee's order is final and we have jurisdiction of the appeal.

To the extent it is inconsistent with this holding, *In re T.J.T.*, 357 N.W.2d 641 (Iowa Ct.App.1984), is hereby overruled.

1. Iowa Code section 600A.8 provides:
    *Grounds for termination.* The juvenile court shall base its findings and order under section 600A.9 on clear and convincing proof. The following shall be, either separately or jointly, grounds for ordering termination of parental rights:
    1. A parent has signed a release of custody pursuant to section 600A.4 and the release has not been revoked.
    2. A parent has petitioned for the parent's termination of parental rights pursuant to section 600A.5.

■■ III. Returning to the substantive issue in this appeal, we note Snavely's argument is simple and direct. Because he established at least one of the Iowa Code section 600A.8[1] grounds for termination of parental rights, the referee was barred from dismissing his petition. This is so, Snavely contends, because section 600A.8 is a legislative determination that, when such conditions exist, it is in the best interests of the child that termination occur. No separate determination that the termination is in the child's best interests should be made.

■■ We find no merit in this argument. Iowa Code section 600A.1 states:

> This chapter shall be construed liberally. *The welfare of the child subject to the proceedings of this chapter shall be the paramount consideration in interpreting this chapter.*

(Emphasis added.) A number of our decisions clearly state the best interests of the child are paramount in determining whether to sever the parent-child relationship. *See, e.g., In re Chad,* 318 N.W.2d 213, 216 (Iowa 1982); *In re Ponx,* 276 N.W.2d 425, 433 (Iowa 1979); *In re Voeltz,* 271 N.W.2d 719, 723 (Iowa 1978); *In re Wardle,* 207 N.W.2d 554, 556 (Iowa 1973). We recently rejected a contention that a separate determination of the child's best interests should not be made where the statutory grounds for termination are established. In *In re H.J.E.,* 359 N.W.2d 471 (Iowa 1984), the juvenile court had dismissed a father's petition for voluntary termination of his parental rights. We there stated:

> 3. A parent has abandoned the child.
> 4. A parent has been ordered to contribute to the support of the child or financially aid in the child's birth and has failed to do so without good cause.
> 5. A parent does not object to the termination after having been given proper notice and the opportunity to object.
> 6. A parent does not object to the termination although every reasonable effort has been made to identify, locate and give notice to that parent as required in section 600A.6.

The juvenile court's refusal to sever the father's parental rights was ultimately grounded on the best interests of the child. This conclusion is in accord with our recent pronouncement in *In re B.L.A.*, 357 N.W.2d 20 (Iowa 1984). We stated:

> In addition to the determination that the statutory grounds for termination have been met, we must determine that the termination would benefit the children. We stated in *Klobnock* [*v. Abbott*]: "Section 600A.1 provides that the welfare of the child shall be the paramount consideration in interpreting chapter 600A." 303 N.W.2d 149, 153 [(Iowa 1981)]. Consequently, the issue of whether the interest of the children will be best served by the termination of their father's parental rights must be resolved.

*Id.* at 473.

Snavely claims support for his argument in certain language in *Klobnock v. Abbott*, 303 N.W.2d 149, 152 (Iowa 1981). *Klobnock*, however, was a case involving involuntary termination of parental rights and is distinguishable on that ground.

 Acceptance of Snavely's argument ultimately would open a hatch for a parent to escape his or her duty to support a child. We cannot be persuaded that the legislature intended section 600A.8 to alter so radically the parental support obligation. Our determination is reinforced by decisions from other jurisdictions holding a parent may not voluntarily avoid a duty to support his or her child. *See Husband (K) v. Wife (K)*, 343 A.2d 597, 599 (Del.1975) (Father may not, by willfully refusing to reach his reasonable earning capacity, defeat court support order.); *Byers v. Byers*, 618 P.2d 930, 933 (Okla.1980) (Father is not relieved of his support obligation because stepfather treats children as members of his own family.); *Commonwealth v. Woolf*, 276 Pa.Super. 433, 438, 419 A.2d 535, 537 (1980) (Father may not avoid obligation to support child by voluntarily relinquishing custody of child to agency.); *Kiesel v. Kiesel*, 619 P.2d 1374, 1377 (Utah 1980) (Father may not intentionally escape child support obligations by channeling money into unprofitable businesses.); *In re Marriage of Curran*, 26 Wash.App. 108, 110–11, 611 P.2d 1350, 1351 (1980) (Parent may not unreasonably remain in a low-paying job to avoid support obligation.); *Mitchell v. Mitchell*, 257 A.2d 496, 497 (D.C.1969) (Father's obligation to support his legitimate children is not affected by his later fathering of illegitimate children.).

The juvenile court referee's order dismissing Snavely's petition is affirmed.

AFFIRMED.