**In the Interest of K.J.K., A Child, Appellant.**

**No. 86–587.**

Court of Appeals of Iowa.

Sept. 25, 1986.

Mary M. Schumacher of Roth & Schumacher, Dubuque, guardian ad litem, for the child (appellant).

Matthew Devlin of Norman & Gilloon, Dubuque, for the petitioner-appellee.

Heard by OXBERGER, C.J., and SNELL and SACKETT, JJ.

SACKETT, Justice.

The guardian ad litem of K.J.K., a minor child born in 1983, appeals in the child's behalf from the trial court order terminating the parental rights of K.J.K.'s natural father. We reverse and reestablish the father's parental rights.

At the time of K.J.K.'s conception, her natural father was not married to her natural mother. Her father was married to a different woman and had two children. He and his wife were separated at that time but have since reconciled. K.J.K.'s natural mother has never married.

K.J.K.'s father has not seen her mother since learning of the pregnancy. K.J.K. has lived with her mother since birth and her father has never seen her. Paternity was acknowledged when the child support

recovery unit entered the picture after the mother received AFDC. The father made payments to the state but has not paid any support to K.J.K. and her mother. K.J.K.'s mother is a college freshman and currently receives public assistance.

After paternity was established, K.J.K.'s father released custody of the child to the natural mother and filed a petition for termination of his parental rights in accordance with Iowa Code § 600A.5(1)(2) (1985). The father claimed grounds for termination had been established because he had signed and executed a release of custody pursuant to Iowa Code § 600A.4 (1985), the release had not been revoked and he was the parent who petitioned for termination of parental rights pursuant to Iowa Code § 600A.5 (1985). He further claimed the mother does not object to the termination after notice and an opportunity to be heard.

The father, who lives in a neighboring state, testified his annual salary is $40,000. He is a good father to his two children. He testified if his rights were not terminated, he might visit the child. However, he feels it is in the child's best interest to terminate his rights because K.J.K. may be upset by the fact he is her father.

K.J.K.'s mother testified she did not want the father to have contact with K.J.K. The mother testified if the father were to visit K.J.K., it would put a strain on K.J.K. because she does not know her father. The mother did testify that she had no concern the father would abuse the child or be neglectful in his relationship with her.

The mother also indicated she planned to marry and her husband would adopt K.J.K. The mother testified she had been dating the man she planned to marry for about three months. However, they had not set a marriage date and the man she planned to marry did not testify. Therefore, we determine adoption to be a mere possibility.

After a hearing was held on the father's petition, the juvenile referee determined the father met his burden of proof under Iowa Code §§ 600A.8(1), (2) and (5) (1985), and that termination of the father's rights was in the child's best interest. The ref-

eree ordered termination of the father's parental rights. The referee's order was affirmed by a district associate judge.

The sole contention on appeal is that the referee and the district court should not have terminated the father's rights. In addition to a determination that statutory grounds for termination have been met, we must determine whether termination would benefit the child. *In Interest of H.J.E.*, 359 N.W.2d 471, 473 (Iowa 1984); *In re B.L.A.*, 357 N.W.2d 20, 23 (Iowa 1984).

The best interests of the child are paramount in determining whether to sever a parent-child relationship. *See* Iowa Code § 600A.1 (1985); *In Interest of D.W.K.*, 365 N.W.2d 32, 34 (Iowa 1985); *In re Chad*, 318 N.W.2d 213, 216 (Iowa 1982).

The Iowa courts have held in absence of a contrary showing the best interest of a child is deleteriously affected by a parental bargain exchanging a waiver of child support for a surrender of visitation rights *Anthony v. Anthony*, 204 N.W.2d 829, 833 (Iowa 1973). Furthermore the Iowa Supreme Court has refused to allow a father who testified with brutal frankness he had no regard for his child and intended to show no interest in him whatsoever, to terminate his parental rights under Iowa Code § 600A.8 (1985). In rejecting the father's argument that because he established one ground for termination under § 600A.8 his rights should be terminated, the court said "acceptance of [the father's] argument ultimately would open a hatch for a parent to escape his or her duty to support a child. We cannot be persuaded that the legislature intended section 600A.8 to alter so radically the parental support obligation." *In Interest of D.W.K.*, 365 N.W.2d at 35. The father argues the mother's support of termination, the lack of relationship between him and the child, the effects of tension between the natural parents, and the possibility of another man adopting the child, support the trial court's finding termination is in best interest of K.J.K. We fail to find any of these factors support the finding that termination is in

the child's best interest, particularly when considered with the child's right to support from her father.

Recognizing the mother has made it very clear she does *not* want the father to have visitation, we find the record reflects no reason why visitation would not be in the child's best interest. We also note the mother currently is receiving AFDC. Therefore, public interest is also involved. *Anthony* 204 N.W.2d at 833. Parents are legally obligated to support their children. *Id.* Parental agreements which have the effect of making their child a public charge cannot be countenanced. *Id.*

We therefore reverse the trial court's affirmance of the referee's decision terminating parental rights and reestablish the parental rights of K.J.K.'s natural father.

REVERSED.

OXBERGER, C.J., concurs.

SNELL, J., concurs in result only.