In the Interest of J.L.W., A Minor Child.

T.R.M., Father, Appellant.

No. 92–887.

Court of Appeals of Iowa.

Dec. 29, 1992.

Richard N. Tompkins, Jr., Mason City, for appellant.

Evelyn Ocheltree, Legal Services Corp. of Iowa, Mason City, for appellee mother.

Heard by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

HABHAB, Judge.

## FACTS

Wendy Wilson[1] is the mother of Jane Wilson,[2] born on December 13, 1989. With the assistance of the Child Support Recovery Office, the mother filed a paternity action against the appellant. Blood tests were conducted and revealed a probability of 99.9% that the appellant, Tim Miller,[3] was the child's biological father. The court then found Tim Miller to be the child's legal father and ordered him to pay $498 per month in child support beginning November 1, 1991. The father has refused to acknowledge paternity and has not made any child support payments voluntarily. He maintains that paternity was established by a "crooked court" and an "incorrect blood test." The paternity and child support orders were not appealed.

The only time the father has seen the child was for the blood testing. He has not inquired about the child, and he distances himself from both the child and the mother.

On March 12, 1991, the father filed a release of parental rights pursuant to Iowa Code section 600A.4. Just shortly thereafter, he filed a petition for termination of his parental rights pursuant to Iowa Code section 600A.5. He alleged he abandoned the child and failed to pay child support without good cause. The mother filed an answer objecting to the termination on the grounds it would not be in the child's best interest. She also asserted the father's sole motivation for instituting the termination action was to eliminate his child support obligation.

The mother and father both testified at a hearing on April 1, 1991. After hearing the evidence, the juvenile court found that although the statutory requirements of Iowa Code section 600A.8 were met, the best interests of the child could not be served by terminating the father's parental rights. It found the father was merely seeking relief from his child support obligation. It rejected the father's argument that an unconstitutional distinction existed between voluntary and involuntary terminations. Based upon these findings, the juvenile court denied the father's petition for termination of his parental rights.

The father appeals. We affirm.

## SCOPE OF REVIEW

■ Appellate review of termination proceedings is de novo. *In re W.G.*, 349 N.W.2d 487, 491 (Iowa 1984), *cert. denied sub nom. J.G. v. Tauke*, 469 U.S. 1222, 105 S.Ct. 1212, 84 L.Ed.2d 353 (1985). We give weight to the findings of fact of the juvenile court, especially when considering the credibility of witnesses, but we are not bound by those determinations. *Id.* at 491–92.

The primary concern in termination proceedings is the best interest of the child. Iowa R.App.P. 14(f)(15); *In re Dameron*, 306 N.W.2d 743, 745 (Iowa 1981).

We look to the child's long-range, as well as immediate, interests. We consider what the future holds for the child if returned to his or her parents. Insight for this determination can be gained from evidence of the parent's past performance, for that performance may be indicative of the quality of the future care the parent is capable of providing. Our statutory termination provisions are preventative as well as remedial. They are designed to prevent probable harm to a child.

*In re R.M.*, 431 N.W.2d 196, 199 (Iowa App.1988) (citing *Dameron*, 306 N.W.2d at

1. This is not the mother's given name; her initials are W.W.

2. This is not the child's given name; her initials are J.L.W.

3. This is not the father's given name; his initials are T.R.M.

745); *see also In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987), *cert. denied*, 485 U.S. 1008, 108 S.Ct. 1474, 99 L.Ed.2d 702 (1988).

## ANALYSIS

■ The father argues the juvenile court should have terminated his parental rights because the grounds for termination in Iowa Code section 600A.8 had been established. We disagree.

The court in *In re D.W.K.*, 365 N.W.2d 32 (Iowa 1985), validated the following two-part test for termination cases: (1) The Petitioner must meet one or more of the grounds set forth in Iowa Code section 600A.8, and (2) The best interests of the child's welfare must be served by the termination. *Id.* at 34–35; *In re H.J.E.*, 359 N.W.2d 471, 473 (Iowa 1984); *In re B.L.A.*, 357 N.W.2d 20, 23 (Iowa 1984).

Iowa Code section 600A.8 provides the following, either separately or jointly, are grounds for termination of parental rights:

1. A parent has signed a release of custody pursuant to section 600A.4 and the release has not been revoked.

2. A parent has petitioned for the parent's termination of parental rights pursuant to section 600A.5.

3. A parent has abandoned the child.

4. A parent has been ordered to contribute to the support of the child or financially aid in the child's birth and has failed to do so without good cause.

5. A parent does not object to the termination after having been given proper notice and the opportunity to object.

6. A parent does not object to the termination although every reasonable effort has been made to identify, locate and give notice to that parent as required in section 600A.6.

Iowa Code § 600A.8 (1991).

The first part of the *D.W.K.* test is satisfied in the case at bar. The father by his own voluntary, affirmative actions, has established the requirements of Iowa Code section 600A.8. However, the second part of the test must fail because the best interests of the child cannot be served by terminating the parental rights of her father.

The court in *In re K.J.K.*, 396 N.W.2d 370, 371–72 (Iowa App.1986), reversed a termination order and found the child had a right to support from her father. It held the mother's support of the termination, the lack of a parent-child relationship, the effect of tension between the natural parents and the possibility of another man adopting the child did not support a finding that termination was in the child's best interest, particularly when considered with the child's right to support from her father. *Id.*

> [W]e fail to find any of these factors support the finding that termination is in the child's best interest particularly when considered with the child's right to support from her father.

*Id.*

The court in *In re D.W.K.*, 365 N.W.2d 32, 33 (Iowa 1985), refused to terminate the parental rights of a father who deliberately refused to pay his child support obligation. The court found the father only wanted to free himself from the support obligation and that termination of his parental rights would not be in the child's best interest. It made it clear that allowing termination under such circumstances would be setting dangerous precedent:

> Acceptance of [the father's] ... argument ultimately would open a hatch for a parent to escape his or her duty to support a child. We cannot be persuaded that the legislature intended section 600A.8 to alter so radically the parental support obligation.

*Id.* at 35.

We find that in cases where termination is upheld for nonpayment of support without good cause, other factors exist to establish termination is in the best interest of the child, such as plans for adoption. *See In re B.L.A.*, 357 N.W.2d 20, 24 (Iowa 1984); *State ex rel. Perkins v. Perkins*, 325 N.W.2d 764, 765 (Iowa App.1982); *Klobnock v. Abbott*, 303 N.W.2d 149, 151 (Iowa 1981). In these cases, parental rights were not terminated simply because of nonpayment. *Id.* Nonpayment of support is just one of the factors to consider.

The juvenile court found that although the statutory requirements of Iowa Code section 600A.8 were met, the best interests of the child could not be served by terminating the father's parental rights. It found the father was merely seeking relief from his child support obligation. Based upon these findings, the juvenile court denied the father's petition for termination of his parental rights. We agree with the juvenile court on this issue.

The father is employed and has an annual income between $20,000 and $24,000. However, he has made no voluntary payments on his child support obligation of $498 per month as ordered by the court. Wendy has no plans to marry in the future and no one is even remotely interested in adopting Jane. The mere possibility of adoption in the future is not sufficient to establish that termination is in the child's best interest. We affirm the district court's finding that although the grounds for termination in Iowa Code section 600A.8 have been established, termination would not be in the child's best interest.

The father argues the case of *In re D.W.K.*, establishes a class distinction or standard of proof between voluntary and involuntary petitioners without any rational basis and, therefore, is unconstitutional. We disagree.

The court in *In re D.E.E.*, 472 N.W.2d 628, 629–30 (Iowa App.1991), continued to adopt the two part analysis for termination cases. In both voluntary and involuntary termination cases, a ground for termination under section 600A.8 must exist and the termination must be in the best interest of the child. *Id.*

The juvenile court rejected the father's argument that an unconstitutional distinction existed between voluntary and involuntary terminations. We affirm the juvenile court on this issue. We find a distinction has not been made in the application of Iowa Code section 600A.8 between voluntary and involuntary termination actions.

## CONCLUSION

After considering all issues presented, we affirm the juvenile court. The father's voluntary petition for termination of his parental rights is denied. His child support obligation of $498 per month continues to exist as ordered by the juvenile court.

Costs of this appeal are taxed to the appellant.

AFFIRMED.