**IN THE COURT OF APPEALS OF IOWA**

No. 15-1588
Filed May 25, 2016

**IN THE INTEREST OF Z.F. and L.F.,**
**Minor Children,**

**J.F., Mother,**
    Petitioner-Appellee,

**A.F., Father,**
    Respondent.

_____

Appeal from the Iowa District Court for Cedar County, Mary E. Howes, Judge.

The guardian ad litem of the minor children appeals the juvenile court's order terminating the father's parental rights under Iowa Code chapter 600A. **AFFIRMED.**

Lisa R. Jones of Norton, Baumann & Surls, P.L.L.C., Lowden, guardian ad litem for minor children-appellant.

Tamra J. Roberts of Beine & Roberts Law Firm, P.L.C., Tipton, for appellee mother.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

The guardian ad litem (GAL) of Z.F. and L.F. appeals from the juvenile court's order terminating the father's parental rights under Iowa Code chapter 600A (2013). The GAL contends termination of the father's parental rights is not in the children's best interests and the juvenile court erred in reopening the record and considering new evidence in denying the GAL's Iowa Rule of Civil Procedure 1.904(2) motion. We affirm.

## I.     Background Facts and Proceedings

The mother and father of Z.F. and L.F., ages nine and seven, divorced in Illinois in 2012. Following their divorce, the father moved to another state and failed to notify the mother. The father has not visited or made contact with the children since September 2012. In November 2013, the father consented to the termination of his parental rights, and the mother subsequently filed a petition for termination.

At the time of the termination hearing in April 2015, the mother was receiving Medicaid benefits and food assistance for the children. She was working part time making $8.50 per hour. She and the children were living with the mother's boyfriend who had assumed the role of father figure for the children, providing physical care as well as financial support for them. The mother and her boyfriend had purchased a home together and had discussed plans for marriage. He had also expressed interest in adopting the children in the future.

The father did not appear and was not represented by counsel at the termination hearing. At that time he was two years in arrears on his child support

obligation.[1] The mother testified she had only starting receiving child support payments from the father two months prior to the hearing after initiating a case with the Iowa Child Support Recovery Unit. She further testified the father frequently changed employment making it difficult for her to collect support.

In May 2015, the court entered an order terminating the father's parental rights pursuant to Iowa Code section 600A.8 determining the father had abandoned his children and termination of his parental rights was in the children's best interests. The GAL filed a rule 1.904(2) motion to enlarge or amend the court's findings and conclusions. The court subsequently entered an order reopening the matter for a further evidentiary hearing for more clarification as to the mother's boyfriend's future role in the children's lives and other matters relevant to the court's best-interests determination. At the evidentiary hearing in September, the mother testified the father had been mentally, verbally, and physically abusive toward her, and the children were afraid of him. The GAL did not object to the court taking additional evidence at the hearing and had an opportunity to cross-examine the mother. Following the court's denial of the GAL's rule 1.904(2) motion, the GAL filed a brief requesting the court not consider any new evidence in making its determination. The GAL appeals.

## II.    Standard of Review

"We review private termination proceedings de novo." *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). We give weight to the district court's factual findings, especially those concerning witness credibility, but we are not

---

[1] At the time of the hearing on the GAL's rule 1.904(2) motion, the mother testified the father owed over $17,000 in past-due child support.

bound by them. Iowa R. App P. 6.904(3)(g). Our primary consideration is the best interests of the children. *See* Iowa Code § 600A.1; *see also In re R.K.B.*, 572 N.W.2d 600, 601 (Iowa 1998).

### III.    Analysis

In a private termination action under chapter 600A, a court may terminate a parent's parental rights when the petitioning party has shown by clear and convincing evidence that the statutory grounds for termination exist. *See* Iowa Code §§ 600A.3, .5, .8; *In re R.K.B.*, 572 N.W.2d at 601. In this case, it is clear and undisputed the statutory grounds for termination under chapter 600A have been proven by clear and convincing evidence. *See* Iowa Code § 600A.8. Once the statutory grounds have been proven, our inquiry turns to whether termination is in the children's best interests. *See In re J.L.W.*, 523 N.W.2d 622, 625 (Iowa Ct. App. 1994).

The GAL contends termination of the father's parental rights is not in the children's best interests, but rather only in the parents' interests, because termination would eliminate the father's obligation to financially support his children. The GAL argues the mother is not financially stable and cannot survive without her boyfriend's or the State's financial assistance, while the father has been court ordered to pay child support and had started paying his obligation two months before the termination hearing. The GAL also asserts termination is not in the children's best interests because there is only a mere possibility the mother's boyfriend will adopt the children in the future.

The child's best interests "require[] that each biological parent affirmatively assume the duties encompassed by the role of being a parent." Iowa Code

§ 600A.1. In determining best interests, this court shall consider, among other things, "the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life." *Id.* Additionally, our supreme court has borrowed from section 232.116(2) and (3) to flesh out the contours of the best-interests framework in private terminations. *See In re A.H.B.*, 791 N.W.2d 687, 690–91 (Iowa 2010) (considering the child's "physical, mental, and emotional condition and needs," Iowa Code § 232.116(2), and the "closeness of the parent-child bond," Iowa Code § 232.116(3)(c)).

We recognize termination of parental rights should not be granted just because a parent wants to escape a financial duty of support, *see In re D.W.K.*, 365 N.W.2d 32, 35 (Iowa 1985), especially when the termination may result in the need for financial assistance from the State, *see In re K.J.K.*, 396 N.W.2d 370, 372 (Iowa Ct. App. 1986). However, section 600A.1 "*requires* that each biological parent affirmatively assume the duties encompassed by the role of being a parent," including "the *fulfillment of financial obligations.*" Iowa Code § 600A.1 (emphasis added). The father has not seen or contacted the children since September 2012. He has never made a voluntary payment to support his children and, at the time of the termination hearing, he was more than $17,000 in arrears on his obligation. The children fear their father and do not want him to return in their lives; one child must attend counseling as a result of the verbal, mental, and physical violence she witnessed between the mother and father. The mother testified she was receiving health insurance and food assistance

from the State for her children but also stated she would not be able to afford health insurance for the children even if the father was current on his support obligation. She testified she had purchased a home with her boyfriend of almost five years and that he physically and financially provided for the children and intended to adopt them.

Section 600A.8 "expressly recognizes [a parent's] failure to pay support as a potential ground for termination." *In re H.S.*, 805 N.W.2d 737, 747 (Iowa 2011). We consider a "child's long-range, as well as immediate, interests" in making our decision. *In re R.K.B.*, 572 N.W.2d at 601 (citation omitted). "Insight for this determination can be gained from evidence of the parent's past performance, for that performance may be indicative of the quality of the future care the parent is capable of providing." *Id.* (citation omitted). The father has demonstrated a complete lack of interest in his children and has clearly failed to "affirmatively assume[] the duties" of being the children's father. *See* Iowa Code § 600A.1 He did not consent to the termination of his parental rights merely to avoid his support obligation. *See In re K.J.K.*, 396 N.W.2d at 372. Instead, the mother, as the petitioner, has sought to terminate his rights so that her children can move on and not fear that their father will return. *See* Iowa Code § 600A.1 ("[Chapter 600A] shall be construed liberally. . . . [T]he interests of the parents of this child . . . shall be given due consideration in this interpretation."). On our de novo review, we agree with the juvenile court that termination of the father's parental rights is in the children's best interests.

The GAL also asserts the juvenile court erred in reopening the record and considering new evidence in denying the GAL's rule 1.904(2) motion. *See In re*

*Marriage of Bolick*, 539 N.W.2d 357, 361 (Iowa 1995) ("Motions under rule [1.904(2)] are permitted so that courts may enlarge or modify findings based on evidence already in the record. They are not vehicles for parties to retry issues based on new facts."). The mother argues the GAL failed to timely object to the court considering additional evidence at the rule 1.904(2) hearing, and consequently, has failed to preserve error on the issue.

We apply our standard error-preservation rules to termination-of-parental-rights cases. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) (terminating a father's parental rights under Iowa Code chapter 232). Because the GAL failed to raise the issue before the juvenile court in a timely manner, and the juvenile court did not rule on the issue, we find the issue is not preserved for our review. *See In re A.B.*, 815 N.W.2d at 773; *see also Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002)).

**AFFIRMED.**