APPEL, Justice
(dissenting).
I respectfully dissent.
In In re Melodie L., we considered an appeal by the state of a dismissal of an involuntary commitment proceeding by a referee. 591 N.W.2d 4, 5 (Iowa 1999). We held that the order was not interlocutory because of the language of Iowa Code section 229.21(2) (1997). Id. at 7. In particular, we cited the provision of the statute that orders issued by referees shall “have the ‘same force and effect as if ordered by a district judge.’ ” Id. (quoting Iowa Code § 229.21(2)).
Our main rationale in Melodie L. was that the hospitalization referee has “concurrent jurisdiction” with the district court in holding an involuntary committal hearing. Id. Because a referee’s commitment order is the equivalent of a district court order, it is appealable. Id.
It is true that in Melodie L., the court, in addition to the above noted language, further observed that the state did not otherwise have a basis for appealing a referee’s order refusing commitment. Id. But the main rationale in Melodie L. is not so qualified. Iowa Code section 229.21(2) does not say an order of a referee shall be *534 treated as an order of the district court “if involuntary commitment is denied.” The majority is, in effect, adding these words to the statute. But the statute unambiguously applies to all orders of referees whether or not commitment results.
The proposition that a finding of “concurrent jurisdiction” is sufficient, by itself, to support determining that a referee’s order is final and appealable is also supported by In re D.W.K., 365 N.W.2d 32 (Iowa 1985). In that case, we held that a juvenile court referee’s order was final because the referee was granted concurrent jurisdiction by Iowa Code section 602.7103(2) (1983 Supp.). Id. at 33-34. Importantly, the juvenile court referee’s order was appealable to juvenile court under Iowa Code section 602.7103(3). Id. at 34. Thus, there was in fact another potential avenue of appeal in D.W.K. Nonetheless, we held that concurrent jurisdiction was sufficient to establish that a juvenile court referee’s order was final, noting, “Because no review [by the juvenile court] was requested in this case, the referee’s order is final and we have jurisdiction of the appeal.” Id.
The approach in D.W.K. to “concurrent jurisdiction” was utilized in Melodie L. and formed the basis of the court of appeals opinion in this case. 591 N.W.2d at 7. I would leave the approach undisturbed rather than reengineer the statute and our caselaw.
On the merits, I would hold that M.W.’s guardian was entitled to notice. Iowa Rule of Civil Procedure 1.305(3) requires notice to the guardian unless M.W. was confined at a state hospital for the mentally ill. At the time of the hearing, M.W. was not so confined. Thus, notice should have been afforded to M.W.’s guardian.