**In the Interest of D.E.E. Jr. and M.S.E., Children,**

**Upon the Petition of**

**A.B., Appellee,**

**And Concerning D.E.E. Sr., Appellant.**

**No. 90–1464.**

Court of Appeals of Iowa.

April 23, 1991.

Jeffrey E. Clements, West Union, for appellant.

David M. Engelbrecht, Waverly, for appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Respondent-appellant D.E.E. Sr. appeals a district court order involuntarily terminating his parental relationship with his minor children D.E.E. Jr. and M.S.E. The court entered the order upon the petition of petitioner-appellee A.B., mother of the children, pursuant to Iowa Code chapter 600A. The two issues for our review are: (1) whether D.E.E. Sr.'s failure to pay child

support was without good cause, and (2) whether it is in the best interest of the children to terminate the parent-child relationship. We reverse the judgment of the district court and vacate the order of termination.

I. The basic facts are not in dispute. D.E.E. Sr. and A.B. were married and are the natural parents of two children. Their marriage was dissolved in February 1985. Under the dissolution decree, D.E.E. Sr. was ordered to pay $30 per week for the support of each child. D.E.E. Sr. does not contest the fact that he has a substantial child support arrearage. The precise amount owed is not clear, nor is it crucial to the issues to be decided, but the parties agree it is in a range of $14,500 to $15,500. The amount is unclear because D.E.E. Sr. has made a few payments directly to A.B. which were not recorded with the clerk of court. We reach no conclusion on the amount owed.

From the dissolution through trial in this matter D.E.E. Sr. had not maintained steady or well-paying employment and had been unsuccessful in his business ventures. He left his garnished local job to go to Colorado. He was unemployed and lived with his mother for almost a year before finding a minimum wage job at a car wash. D.E.E. Sr. was licensed as a stockbroker and started a brokerage firm with another person. He drew only his commissions to a maximum of $825 per month, but he made so little income in the first year that he owed no taxes. In the second year of this corporation, he paid "very little" in taxes. At the time of trial, the corporation was undergoing bankruptcy liquidation and showed a loss of $240,000. Further, he had lost his home through foreclosure.

The record shows that D.E.E. Sr. expected to receive approximately $15,000 from the liquidation and that he intended to pay over the entire amount to satisfy his child support arrearage. As of the trial, he had just completed his first week in a new job as a salaried employee earning $4,000 per month.

A.B. married D.B., but the record does not show when. D.B. supports A.B. and the children and apparently plans to adopt the children. D.B., however, is not a party to this action and did not testify.

With D.E.E. Sr. living in Colorado and under financial constraints, personal visitation has been sporadic. Both sides agree that D.E.E. Sr. generally would send presents or cards to the children on their birthdays and on Christmas. When A.B. did not interfere, D.E.E. Sr. also occasionally contacted the children by phone.

The record shows that A.B. is a recovering alcoholic. Because of her alcoholism, the children were the subject of a child in need of assistance proceeding from 1987 through 1989. They were removed from A.B.'s care. The children spent part of that time in foster care, but they also spent several months in Colorado living with D.E.E. Sr.

A.B.'s April 1990 petition alleged both abandonment, *see* Iowa Code § 600A.8(3), and failure to pay ordered support without good cause, *see* Iowa Code § 600A.8(4). The district court concluded that D.E.E. Sr. "has not established good cause to excuse his poor child support payment record." It terminated D.E.E. Sr.'s parental relationships with D.E.E. Jr. and M.S.E. pursuant to section 600A.8(4). The court did not address the issue of abandonment as it relates to section 600A.8(3). The court also found "no evidence of any close relationship between [D.E.E.] and his two children" and concluded that it was in the best interests of the children to terminate.

Our review in matters pertaining to termination of parental rights under Iowa Code chapter 600A is de novo. *Klobnock v. Abbott*, 303 N.W.2d 149, 150 (Iowa 1981) (citations omitted). In such circumstances, we give weight to the trial court's findings of fact, especially as they relate to credibility of the witnesses, but we are not bound by them. Iowa R.App.P. 14(f)(7).

The district court is empowered to terminate the parental rights, Iowa Code § 600A.9, upon a petition by a parent, Iowa Code § 600A.5(1)(a). The court may order the petition granted upon finding by clear and convincing evidence that the "parent

has been ordered to contribute to the support of the child ... and has failed to do so without good cause." The supreme court has also recognized that the district court must specifically find that termination is in the best interests of the children. *See In re B.L.A.*, 357 N.W.2d 20, 23 (Iowa 1984).

II. D.E.E. Sr. concedes that he has failed to pay a substantial amount of child support ordered by the dissolution court. He contends, however, that the trial court erred in finding by clear and convincing evidence that this was "without good cause." Because we find on our de novo review that the record does not clearly and convincingly show this failure to be "without good cause," we reverse the order.

In two cases dealing with involuntary termination of parental rights under Iowa Code section 600A.8(4), *Klobnock v. Abbott*, 303 N.W.2d 149 (Iowa 1981), and *In re B.L.A.*, 357 N.W.2d 20 (Iowa 1984), the Iowa Supreme Court has discussed the "without good cause" element. In *B.L.A.* the supreme court indicated that "the key factual issue ... concerns the father's ability to pay the ordered child support." 357 N.W.2d at 22. In both cases, the supreme court found some level of deliberateness in the parent's failure to pay ordered support. *See id.* at 22–23; *Klobnock*, 303 N.W.2d at 152–53. While neither of these cases requires the petitioner to show the parent's willfulness in failing to pay, the parent's intent is clearly tied to an ability to pay. *See Klobnock*, 303 N.W.2d at 152 ("[T]he legislature intended termination for non-support to occur where a parent's failure to pay manifests indifference to a child and is therefore akin to abandonment.").

In our de novo review of the record, we find no evidence introduced by A.B. to show that D.E.E. Sr.'s failure to pay support was without good cause. On this "key factual issue," we have nothing to demonstrate D.E.E. Sr.'s ability to pay. *B.L.A.*, 357 N.W.2d at 22. Even assuming that we have overlooked such evidence, we think D.E.E. Sr. presented unrebutted evidence that his financial problems prevented him from fulfilling his obligation. In any event, the record does not support, at least

by clear and convincing evidence, that D.E.E. Sr.'s failure to pay ordered support was without good cause. We emphasize, however, that parents have a legal obligation to support their children. *In re Fleener*, 247 N.W.2d 219, 221 (Iowa 1976). It is incumbent upon D.E.E. Sr. to fulfill this obligation.

Although this finding alone is sufficient for reversal, we have also sought to determine whether the best interests of the children include termination. Voluntary and involuntary termination cases alike include an analysis of best interests. *See In re D.W.K.*, 365 N.W.2d 32, 34–35 (Iowa 1985); *B.L.A.*, 357 N.W.2d at 22–23 (involuntary); *Klobnock*, 303 N.W.2d at 152 (involuntary); *In re K.J.K.*, 396 N.W.2d 370, 371 (Iowa App.1986) (voluntary). In this case, as in *B.L.A.* and *Klobnock*, there is evidence that the custodial parent has remarried and provided a stable home environment. In both of those cases, there was additional evidence that the noncustodial parent had "little interest," *Klobnock*, 303 N.W.2d at 153, or "no close relationship," *B.L.A.*, 357 N.W.2d at 23, with the child. Quoting the district court order, the *B.L.A.* court further noted the noncustodial parent's failure "to manifest any attempt to 'affirmatively parent'" his children. *Id.*

Our de novo review of the record reveals that D.E.E. Sr. has sustained a relationship with his children, that he has cared for them, and that he has maintained contact with them. While the evidence in no way shows that D.E.E. Sr.'s contact was maximal, neither do we think it supports the district court's characterization of D.E.E. Sr.'s relationship with his children as virtually nonexistent. Giving paramount consideration to the interests of the children with due consideration to the interests of the parents, Iowa Code § 600A.1 (1991), we conclude that the interests of D.E.E. Jr. and M.S.E. are better served by maintaining their legal relationship with their natural father, D.E.E. Sr.

III. We hold that the record does not support by clear and convincing evidence the conclusion that D.E.E. Sr.'s failure to pay ordered support was without good

cause. Further, the children's interests are better served by maintaining the relationship with their father. We therefore reverse the district court judgment and vacate its order terminating D.E.E. Sr.'s parental relationship with D.E.E. Jr. and M.S.E.

REVERSED.