**IN THE COURT OF APPEALS OF IOWA**

No. 13-0627
Filed August 13, 2014

**IN THE INTEREST OF A.M.M.,**
**Minor Child,**

**B.J.M., Father,**
       Petitioner,

**J.B., Mother,**
       Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.


        A mother appeals the order terminating her parental rights in a private

termination proceeding.  **AFFIRMED.**


        Jeffery A. Wright of Carr & Wright, P.L.C., Des Moines, for appellant.

        Scott D. Fisher of Fisher Law Firm, P.L.C., West Des Moines, for appellee

father.

        Ethan P. Anderson, Norwalk, for minor child.



        Considered by Potterfield, P.J., Tabor, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

A mother appeals from the order terminating her parental rights. She contends the evidence failed to prove she abandoned the child or that termination is in the best interest of the child. We conclude the district court properly terminated the mother's parental rights on the ground of abandonment under Iowa Code section 600A.8(3)(b) (2011). We conclude termination of the mother's parental rights is in the best interest of the child. We affirm.

### I.  Background Facts & Proceedings.

Bryan and Jessica are the parents of a child, born in November 2009. At birth, Jessica intended to allow the child to be adopted, and the child lived with the proposed adoptive parents until April 2010. On learning of the birth Bryan refused to consent to termination of his parental rights and the adoption fell through. The child then lived with Jessica and her two older children.

Jessica and the children came to the attention of the Iowa Department of Human Services in May 2010 because the two older children, who were then ages four and two, repeatedly left the home without Jessica's knowledge. All three children were removed from Jessica's care on May 27, 2010. The child in this case was placed in the care of Bryan. The child was adjudicated to be in need of assistance pursuant to Iowa Code chapter 232 (2009).

Bryan sought and obtained concurrent jurisdiction and initiated an action to establish paternity, custody, and physical care. The district court on May 17, 2011, granted Bryan sole legal custody and physical care of the child. Jessica was granted visitation and ordered to pay child support of $110 per month. This

decision was modified on December 2, 2011, to provide Jessica would have supervised, non-overnight visitation with the child at Bryan's discretion.

The last time Jessica had contact with the child was at the child's birthday party in November 2011 at Bryan's house. She has not had contact with Bryan since March 2012. Furthermore, Jessica was not current in her child support obligation. From December 2011 until February 2013, she paid a total of $128.91.

On November 7, 2012, Bryan filed a petition seeking to terminate Jessica's parental rights under sections 600A.8(3)(b), 600A.8(4), 600A.8(5), and 600A.8(6) (2011). A guardian ad litem (GAL) was appointed. The GAL recommended termination of Jessica's parental rights. A termination hearing was held on March 20, 2013. Jessica testified she had asked for visitation with the child several times, but Bryan would not agree to the visitation. She stated she had not been able to pay child support because she did not have a job until shortly before the hearing.

The district court entered an order terminating Jessica's parental rights on the ground of abandonment under section 600A.8(3)(b). The court determined it was Jessica's own lack of interest preventing her from having meaningful contact with the child. The court found it was virtually undisputed she failed to maintain regular communication with the child and Bryan. The court found in addition to lack of contact, Jessica had not financially supported the child. The court determined termination of Jessica's parental rights was in the child's best interest. Jessica appeals.

## II.  Standard of Review.

Our review in matters pertaining to termination of parental rights under Iowa Code chapter 600A is de novo.  *In re D.E.E.*, 472 N.W.2d 628, 629 (Iowa Ct. App. 1991).  In cases in equity, we give weight to the factual findings of the district court, especially considering the credibility of witnesses, but are not bound by them.  Iowa R. App P. 6.904(3)(g).  In termination proceedings, our paramount consideration is the best interests of the child.  Iowa Code § 600A.1

## III.  Abandonment.

Jessica contends the district court improperly found she had abandoned her child.  She claims her failure to have contact with the child was due to the actions of Bryan.  She states she repeatedly attempted to see the child and Bryan repeatedly prevented her from doing so.[1]

Section 600A.8(3)(b) provides as follows:

> If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1)  Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2)  Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.

---

[1]  Jessica also claims Bryan had not shown she had the intent to abandon her child. Section 600A.8(3)(c) provides, "The subjective intent of the parent, whether expressed or otherwise, unsupported by evidence of acts specified in paragraph 'a' or 'b' manifesting such intent, does not preclude a determination that the parent has abandoned the child."  *See In re W.W.*, 826 N.W.2d 706, 710 (Iowa Ct. App. 2012). Thus, a parent's subjective intent, stating alone, will not preclude termination of the parent's parental rights.

(3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

The legislature has defined the phrase "to abandon a minor child" to mean

a parent, putative father, custodian, or guardian rejects the duties imposed by the parent-child relationship, guardianship, or custodianship, which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child.

Iowa Code § 600A.2(19).

"Parental responsibility demands 'affirmative parenting to the extent it is practicable and feasible under the circumstances.'" *In re G.A.*, 826 N.W.2d 125, 130 (Iowa Ct. App. 2012) (quoting *In re Goettsche*, 311 N.W.2d 104, 106 (Iowa 1981)). Where a parent having physical care of the child has prevented the other parent from exercising visitation, the non-custodial parent is required to maintain regular communication with the child or the child's custodian. Iowa Code § 600A.8(3)(b)(2); *G.A.*, 826 N.W.2d at 130.

Even if we accepted Jessica's claim Bryan prevented her from having visitation with the child, Jessica did not maintain regular communication with the child or with Bryan. At the time of the termination hearing in March 2013, Jessica had not had contact with the child since November 2011 and had not had contact with Bryan since March 2012. We conclude Jessica made only a marginal effort, at best, to maintain regular communication with the child and Bryan. We conclude the district court properly terminated Jessica's parental rights on the ground of abandonment under section 600A.8(3)(b).

## IV. Best Interests.

Jessica claims termination of her parental rights is not in the best interest of the child. She asserts there is a strong bond between her and the child and it would be detrimental to the child to terminate her parental rights.

As noted above, in termination proceedings under chapter 600A our paramount consideration is the best interest of the child. Iowa Code § 600A.1. Furthermore,

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

*Id.*

We conclude termination of Jessica's parental rights is in the best interest of the child. She has not fulfilled her financial obligations to the child. She had not contacted the child's caretaker, Bryan, for about one year, which shows she does not have a continued interest in the child. Jessica had no contact with the child for over one year, which does not demonstrate a genuine effort to maintain communication with the child. In addition, there was no evidence she maintained a place of importance in the child's life. It is difficult to accept Jessica's contention she has a strong bond with the child when the child only lived with her for about a month and has had such little contact with her since.

We determine the district court properly terminated Jessica's parental rights under chapter 600A.

**AFFIRMED.**