# IN THE COURT OF APPEALS OF IOWA

No. 17-0676
Filed September 27, 2017

**IN THE INTEREST OF**
**O.E. and A.E., Minor Children,**

**B.E., Father,**
     Appellant.
_____

Appeal from the Iowa District Court for Warren County, Mark Schlenker, District Associate Judge.

A father appeals the juvenile court's termination of his parental rights in a private termination action. **AFFIRMED.**

Zachary C. Priebe of Jeff Carter Law Offices, P.C., Des Moines, for appellant.

Mark A. Simons of Simons Law Firm, P.L.C., West Des Moines, for appellee mother.

Jeremy M. Evans of Sporer & Flanagan, P.L.L.C., Des Moines, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A father appeals the juvenile court's termination of his parental rights in a private termination action. We find there is sufficient evidence in the record to show the father abandoned the children. Also, termination of the father's parental rights is in the children's best interests.

## I.    Background Facts & Proceedings

B.E., father, and E.H., mother, were previously married and are the parents of two children, O.E. and A.E., born in 2011 and 2012, respectively. A default dissolution decree was entered on December 17, 2014, granting the mother sole legal custody and physical care of the children. At the time of the decree, a restraining order prohibited the father from contacting the mother. The decree provided, "After the restraining order has expired, the terms and restrictions on visitation, including the extent to which visitation, if any, will be supervised, shall be as agreed by the parties." The father was ordered to pay child support of $317 per month for the two children.[1]

The father has a history of substance abuse and criminal conduct. He had minimal visitation with the children. According to the mother, he had one hour of visitation in 2013, none in 2014, and five hours in 2015. Additionally, he did not pay child support as ordered in the decree. He paid a total of $592.02 in 2014 and $561.91 in 2015.

The mother filed a petition on September 3, 2015, seeking termination of the father's parental rights under Iowa Code section 600A.8 (2015). She claimed

---

[1]    The father testified his child support obligation was reduced, through the Child Support Recovery Unit, to fifty dollars each month.

the father had abandoned the children and failed to financially support them. While this case was pending, on January 5, 2016, the children were removed from the mother's care because she and her paramour locked them in a room, leaving them without adequate supervision, access to food, or personal hygiene. The children were placed with the maternal grandparents. They were adjudicated to be in need of assistance (CINA), pursuant to section 232.2(6)(b) and (c)(2). The private termination action was continued due to the CINA proceedings.

The mother separated from her paramour and participated in services. She began living with her current fiancé, A.J. During the CINA proceedings, the father had two visits with the children. He stated he stopped attending visits in July 2016 because he relapsed into drug use. He subsequently attended treatment for substance abuse. On December 13, 2016, the juvenile court ordered the children could be returned to the mother's care, under the supervision of the Iowa Department of Human Services (DHS).[2]

The parties then resumed the private termination action. After a hearing, the court entered an order on April 6, 2017, terminating the father's parental rights under section 600A.8(3)(b) and (4). The court found:

> In this case, at least since the intervention of the Court in the CINA cases, [the father's] record of visitation has been sporadic and minimal, at best. He has had an unstable record of living sites, and an erratic employment record. Likewise, he cannot state he has been in regular communication with the children, nor has he lived with them. A review of the family team meeting notes filed as exhibits in the CINA cases indicates only sporadic contact between [the father] and the children. . . . On the record presented the Court finds no good cause for failing to make regular support payments.

---

[2] The CINA case was closed on May 31, 2017.

The court concluded termination of the father's parental rights is in the children's best interests. The father now appeals the district court's order.

## II. Standard of Review

"Our review in matters pertaining to termination of parental rights under Iowa Code chapter 600A is de novo." *In re D.E.E.,* 472 N.W.2d 628, 629 (Iowa Ct. App. 1991). In cases in equity, we give weight to the factual findings of the district court, especially considering the credibility of witnesses, but are not bound by them. Iowa R. App P. 6.904(3)(g). In termination proceedings, our paramount consideration is the best interests of the child. Iowa Code § 600A.1.

## III. Sufficiency of the Evidence

The father claims there is not sufficient evidence in the record to show he abandoned the children. He states he did not have the intent to abandon the children and he financially supported them within his means. The father points out he visited the children during the CINA case. He states he could not set up visitation with the mother due to the restraining order.

Section 600A.8(3)(b) provides:

> If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.

(3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

The legislature has defined the phrase "to abandon a minor child" to mean

a parent, putative father, custodian, or guardian rejects the duties imposed by the parent-child relationship, guardianship, or custodianship, which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child.

Iowa Code § 600A.2(19). "Parental responsibility demands 'affirmative parenting to the extent it is practicable and feasible under the circumstances.'" *In re G.A.,* 826 N.W.2d 125, 130 (Iowa Ct. App. 2012) (citation omitted). Where a parent having physical care of the child has prevented the other parent from exercising visitation, the non-custodial parent is required to maintain regular communication with the child or the child's custodian. Iowa Code § 600A.8(3)(b)(2); *G.A.,* 826 N.W.2d at 130.

The evidence shows the father had very little contact with the children after the parties separated in 2013. He has had few visits with them and has not otherwise attempted to communicate with the children. At the termination hearing, the father testified he did not have the financial means to support the children. He stated his primary focus was getting his life back on track as a recovering drug addict. We conclude there is clear and convincing evidence in the record to show the father abandoned the children.

Because we have determined the evidence supports termination of the father's parental rights on the ground of abandonment, under section

600A.8(3)(b), we do not consider whether the evidence also supports termination on the ground the father failed to financially aid the children without good cause, under section 600A.8(4).

## IV. Best Interests

The father claims termination of his parental rights is not in the children's best interests. He states he has been reintroduced into the children's lives and wants to build a relationship with them. He testified he is working to maintain sobriety to he can be part of the children's lives.

Our paramount consideration in termination proceedings under chapter 600A is the best interests of the child. Iowa Code § 600A.1. The statute provides:

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

*Id.*

We conclude termination of the father's parental rights is in the children's best interests. The court stated termination of the father's rights

> would be less detrimental than the harm that would be caused by continuing the parent-child relationships, with continued likely only sporadic involvement at a critical time of the children's lives. He has been absent from their lives for years at a time and only when termination was imminent has he made any effort to be a parent for them, but even those recent efforts have been marred by substance abuse.

We concur in the court's statements.  We note the mother's fiancé testified he was willing to take on the legal responsibility for the children.

We affirm the district court's decision terminating the father's parental rights.

**AFFIRMED.**