# IN THE COURT OF APPEALS OF IOWA

No. 17-0861
Filed October 11, 2017

IN THE INTEREST OF A.W. and B.W.
Minor Children,

J.W., Mother,
    Petitioner-Appellee.

W.V.D., Father,
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

A father appeals the juvenile court's termination of his parental rights in a private termination action. **AFFIRMED.**

Mark A. Milder of Mark Milder Law Firm, Waverly, for appellant father.

Timothy J. Luce of Anfinson & Luce, P.L.C., Waterloo, for appellee mother.

Joslyn N. Sailer of Sailer Law, P.L.L.C., Cedar Falls, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A father appeals the juvenile court's termination of his parental rights in a private termination action. We find there is sufficient evidence in the record to show the father abandoned the children. Also, termination is in the children's best interests. We affirm the juvenile court.

## I.     Background Facts and Proceedings

A.W. and B.W. were born in September 2016. The children were conceived as the result of an isolated sexual encounter in Colorado, where the father lived. The father was aware the mother returned to the state of Washington and believed he was the father of the children. The mother informed the father she intended to place the children for adoption, although he wanted to keep the children. The father provided no financial assistance to the mother during the pregnancy. The mother came to Iowa and placed the children with a pre-adoptive family and the children have remained with them during the pendency of the action.

A petition to terminate the father's parental rights was filed September 29 and the father filed a response November 11. The father was appointed counsel and stated he had an income of approximately $1500 per month, mostly from Social Security Disability payments. The father lived in Colorado in a camper. He also testified to frequent drug use. The father traveled to Iowa in January 2017, and again in March. During those trips he made no request to visit the children. The father testified he had purchased necessities for caring for the children, such as car seats, but did not provide any evidence to support his

position. He also testified he had sent money to support the children. However, the money had not been received at the time of the termination hearing.

The termination hearing was held March 21. The juvenile court entered an order terminating the father's parental rights on May 19. The father now appeals.

## II.     Standard of Review

Our review in matters pertaining to termination of parental rights under Iowa Code chapter 600A (2016) is de novo. *In re D.E.E.*, 472 N.W.2d 628, 629 (Iowa Ct. App. 1991). In cases tried in equity, we give weight to the factual findings of the district court but are not bound by them. Iowa R. App P. 6.904(3)(g). In termination proceedings, our paramount consideration is the best interests of the child. Iowa Code § 600A.1.

## III.     Sufficiency of the Evidence

The father's parental rights were terminated pursuant to Iowa Code section 600A.8(3)(b). Under this section:

> If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of

parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

Iowa Code § 600A.8(3)(b).

The father has been present in Iowa twice in order to attend hearings but never requested visitation with the children. The father provided no support to the mother during her pregnancy, although he testified he did have contact with her. The record shows the father refused to speak with the adoptive parents even regarding information about the children.

The father never had an opportunity to live with or care for the children, however, he failed to inquire at any point into the children's wellbeing or development since their birth. When presented with these opportunities the father did not take advantage of them. The father claims he bought items for the children and also provided financial support, but at the time of the hearing the father could not provide any proof of these claims. We find the father abandoned the children.

## IV. Best Interests

The father also claims termination of his parental rights is not in the best interests of the children. The father rests this claim on his "strong protective interest in these children and desire to parent them." However, our primary consideration in termination proceedings is the best interests of the children. Iowa Code § 600A.1. The statute provides:

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations,

demonstration of continued interest in the child, demonstration of genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

*Id.*

The guardian ad litem viewed the father's camper two days before the termination hearing and testified it was not fit for the children. The father did not have another acceptable option for housing at the time of the hearing. He is not currently employed, and although he testified he had options for employment including air-conditioning or vehicle repair, he took no affirmative steps toward becoming recertified for this work. Additionally, the father has made no arrangements for care of the children, should he receive custody. The father suffers from several chronic health issues which could impact his ability to raise the children, and he has not been a father either in emotional or financial support to his first family. Although he says he is dedicated to his family, his actions show his words ring hollow.

As the district court stated:

The potential adoptive parents are clearly committed to the children emotionally and financially. Both adoptive parents demonstrated during the court proceedings a strong emotional attachment and commitment to the children's emotional and physical well-being. Both adoptive parents are very active in the children's day to day lives and care. The children's best interests will be best served by allowing the children to be adopted in their current placement. The children's long-term physical and emotional needs will also be met by being adopted.

We agree with the district court's findings. The best interests of the children are best served by termination.

**AFFIRMED.**