**IN THE COURT OF APPEALS OF IOWA**

No. 18-0739
Filed December 5, 2018

**IN THE INTEREST OF J.V. and C.E.,**
**Minor Children,**

**M.S., Father,**
    Petitioner-Appellee,

**V.W., Mother**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.

A mother appeals the juvenile court order terminating her parental rights in a private termination action. **AFFIRMED.**

Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellant.

Kenneth J. Weiland Jr. of Weiland Law Firm, Des Moines, for appellee.

William E. Sales III of Sales Law Firm, P.C., Des Moines, guardian ad litem for minor children.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights in a private termination action. We find the mother abandoned the children and termination is in the children's best interests. We affirm the juvenile court's termination of the mother's parental rights.

## I.     Background Facts & Proceedings

V.W. is the mother of J.V., born 2004, and C.E., born 2006. M.S. is the father of J.V. In 2011, both children were placed with the father through child in need of assistance (CINA) cases.[1] In 2012, the court ordered joint legal custody of J.V. and awarded sole physical care to the father, with the mother to pay child support. By stipulation of the parties, the mother's right to visitation was to be determined by J.V.'s counselor and then by the father when a counselor was no longer needed. In 2013, the CINA court appointed the father and his wife as guardians for C.E. The court at that time noted the mother's progress in substance-abuse treatment and the bond between the children and mother as reasons to not terminate the mother's parental rights. In July 2017, the father petitioned to terminate the mother's rights to both children under Iowa Code section 600A.8(3)(b) (2017).[2]

From 2012 through 2015, the mother did not pay any child support for J.V. In 2016, the mother began making voluntary partial payments and the State garnished additional amounts from her paychecks. She has significant arrearages

---

[1]  The CINA cases related to the mother's substance abuse, domestic abuse, and significant exposure of the children to sex offenders.
[2]  The father also petitioned to terminate the rights of C.E.'s putative biological father, who did not contest the termination.

for J.V.'s child support. The mother has made no support payments for C.E. since the CINA case.

The mother has not seen the children since February 2013. Around March 2014, the mother ceased any attempts to set up visitation with either child and has not contacted the father or the children's counselor since that time.[3] The same counselor treating the children throughout the CINA cases continues to see the children periodically. At the time of the hearing, the mother had not contacted the father to request or arrange visitation with the children in three and a half years. The mother testified she did not contact the counselor to arrange visitations because she "was afraid of what the outcome would be." She claims the father's wife blocked her family from sharing any information about the children with her. She testified she would love visitation with the children, but was not requesting it.

At one point, the mother and the father's wife scheduled a time to discuss visitation, but the mother did not attend. The father did not proactively offer visitation to the mother. The father's wife provided schedules of the children's activities to the mother, who never attended. The mother's sister would occasionally see the children and talk with them on the phone. The mother did not send cards, letters, birthday or Christmas gifts, or contact the children's schools over that period of time. She claims to have provided some school supplies and clothes to the children through her sister's visits, but instructed her sister to not allow the father to know she contributed to them. She also stated she had written

---

[3] The counselor for both children submitted an affidavit indicating the children consider M.S. and his wife their parents and want to be adopted, and were willing to testify about it. Both children reported to the counselor they did not want contact with the mother, and she had not attempted to contact the counselor for several years.

letters to the children but did not send them in case the father did not pass them on to the children or returned them.

The father has not moved residences since the children moved in and has not changed his phone number. The children remained with the same counselor, who did not change locations over the entire period until her company merged with another just a few months prior to the hearing. The mother admitted having worked with and visited the counselor during the CINA proceedings and having her contact information at that time.

The juvenile court ruled the mother had abandoned the children and termination of her parental rights is in the children's best interests. The mother appeals.

## II. Standard of Review

We review the termination-of-parental-rights proceedings under Iowa Code chapter 600A de novo. *In re D.E.E.*, 472 N.W.2d 628, 629 (Iowa Ct. App. 1991). We give weight to the court's factual findings, particularly on the credibility of witnesses, but are not bound by them. Iowa R. App. P. 6.904(3)(g). The best interests of the children is our paramount concern. Iowa Code § 600A.1.

## III. Abandonment

In a termination action under chapter 600A, the court is to determine "whether the parent has affirmatively assumed the duties of a parent," including but not limited to demonstrating continued interest in the children, a genuine effort to maintain communication, establishing and maintaining a place of importance in the children's lives, and fulfilling financial obligations. *Id.*

The court deemed the mother abandoned the children and terminated her parental rights pursuant to Iowa Code section 600A.8(3)(b). Under this section,

> If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
>     (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
>     (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
>     (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

*Id.* § 600A.8(3)(b).

The mother claims she did not abandon the children, and the father and his wife prevented her from exercising her visitation rights and having communication with the children. In support of this claim, the mother cites attempts she made in the first year following the CINA permanency determination to contact the father for visitation and discussions with his wife. The father admitted the children's busy schedules complicated setting times for phone calls, but also testified the mother did not call when times were set, that she would call when the family was out. The mother has not offered any affirmative acts by the father to prevent visitation over the past several years. At the time of the hearing, she had not attempted to set up a visit or phone call for years.

The evidence shows the mother made little to no attempt to maintain contact with the children through visitation or regular communication. She wrote but did

not send letters. She did not call the children. Items she claims to have sent the children were attributed to other members of her family at her direction, and neither the children nor the father knew the items were from the mother. She made no effort to learn anything about the children's schools or ask for updates. In more than three years, she admitted to making no attempt to contact the father or the counselor to request or arrange a phone call or visitation, instead waiting for the father or counselor to reach out to her and make the arrangements. Even in the termination proceeding, she testified she would love to have visitation with the children but she was not requesting it.

"Parental responsibility demands 'affirmative parenting to the extent it is practicable and feasible under the circumstances.'" *In re G.A.*, 826 N.W.2d 125, 130 (Iowa Ct. App. 2012) (quoting *In re Goettsche*, 311 N.W.2d 104, 106 (Iowa 1981)). Any reluctance to communicate with the father or counselor or an expectation letters might not be given to the children does not alter the fact the mother admitted to taking no action to have any contact with the children for several years. The mother appears to be content passively awaiting communication and visitation initiated by someone else instead of taking any affirmative steps to maintain contact with the children. We find the mother has abandoned the children within the meaning of section 600A.8(3)(b).

The children have lived with the father and his wife for six years. The children told their counselor and guardian ad litem they view M.S. and his wife as their parents and wish to be adopted. The father and his wife have provided the children with a safe, stable home with no help from the mother. We find it is in the children's best interests to terminate the mother's rights.

We affirm the decision of the juvenile court.

**AFFIRMED.**