**In the Interest of H.J.E., a Child,**

**Appeal of T.D.E., Father.**

**Nos. 84–131, 84–443.**

Supreme Court of Iowa.

Dec. 19, 1984.

Rehearing Denied Jan. 10, 1985.

T.D.E., pro se.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., and Brent D. Hege, Asst. Atty. Gen., for appellee State.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

SCHULTZ, Justice.

We have consolidated two appeals that arise as a result of a child in need of assistance (CINA) proceeding. In earlier proceedings, the juvenile court adjudicated H.J.E. to be a child in need of assistance and entered a dispositional order. In each of the present appeals, the appellant is T.D.E., the father of the child. In the first appeal, the father challenges the juvenile court's refusal to grant his request to terminate his parental rights. In the second appeal, he challenges the juvenile court's redispositional order directing him to pay the cost of the child's counseling, which was ordered by the court in the original dispositional order.

A long and difficult relationship between the mother, D.E., and T.D.E. ended with a dissolution of their marriage in 1981. Custody of their daughter, H.J.E., who was born in 1978, was granted to the mother. The father was required to pay child support and was granted reasonable visitation rights.

Subsequently, in the CINA proceedings, the child was adjudicated a child in need of assistance because of allegations of sexual abuse by the father. As a result of these allegations, the father was denied visitation with the child. The CINA dispositional order directed the mother and child to continue counseling and ordered the father to participate in sexual abuse counseling. The court further ordered that visitation would be restored when the counselors approved. The counseling ordered by the juvenile court for the father never began because the father refused to admit the sexual abuse had occurred, a prerequisite for entering the court-ordered counseling program.

Later proceedings have been somewhat disjointed. The father filed a notice of appeal from the CINA dispositional order, but dismissed the appeal when he filed a petition requesting that his parental rights be terminated. The juvenile court refused to terminate the father's parental rights, and he appealed. In the meantime, the mother filed an application for an order to require the father to pay for court-ordered counseling for the child. A hearing was held to consider the mother's request and matters concerning the father's counseling. In a redispositional order, the juvenile court ordered that the father no longer be required to attend counseling and that he pay for the child's counseling. The father took his second appeal from that portion of the order concerning the payment of the child's counseling expenses. We shall address the appeals separately in the order filed.

*I. Termination proceedings.* The father petitioned for termination of his parental rights pursuant to Iowa Code section 600A.5 and stated that he voluntarily consented to termination under sections 600A.8(2) and 232.116. He asserted that his decision to seek termination of parental rights arose out of his concern for his daughter's mental health and well-being and that his parental rights already had been constructively terminated. The court declined to terminate the father's parental rights stating:

Termination of parental rights is an absolute which the Court finds to be abhorrent. The Court has found that the father has sexually abused the child, however, the Court has not found that the parent-child relationship is without redeeming value. Further, in dealing with the best interests of children the Court openly considers such intangibles as hope and good will.

The court found that the impasse created by the father's inability to participate in the ordered counseling program and the resultant continued denial of visitation could be broken by provision for other counseling, but that it did not have jurisdiction in a termination proceeding under chapter 600A to change the dispositional order in the chapter 232 proceedings.

The juvenile court's refusal to sever the father's parental rights was ultimately grounded on the best interests of the child. This conclusion is in accord with our recent pronouncement in *In re B.L.A.*, 357 N.W.2d 20 (Iowa 1984). We stated:

In addition to the determination that the statutory grounds for termination have been met, we must determine that the termination would benefit the children. We stated in *Klobnock* [v. Abbott]: "Section 600A.1 provides that the welfare of the child shall be the paramount consideration in interpreting chapter 600A." 303 N.W.2d 149, 153 [(Iowa 1981)]. Consequently, the issue of whether the interest of the children will be best served by the termination of their father's parental rights must be resolved.

*Id.* at 23. We need not examine the record de novo to determine the correctness of the juvenile court's ruling; we believe the dismissal of the petition to terminate was correct on the basis that the juvenile court did not have authority to terminate parental rights in a chapter 600A proceeding while CINA proceedings were pending pursuant to chapter 232.

The Iowa Code contains two provisions for the termination of parental rights,

chapter 600A and chapter 232, which create separate and distinct causes of action having different applicability based upon the facts of the situation. Chapter 600A provides for voluntary termination of parental rights, allowing a "parent or prospective parent of the parent-child relationship" to petition for termination. Iowa Code § 600A.5(1)(a) (1983). Under chapter 232 only a "child's guardian or custodian, the department of human services, a juvenile court officer or the county attorney may file a petition for termination of the parent-child relationship . . . ." Iowa Code § 232.-111(1) (1983 Supp.). Consequently, a parent cannot initiate termination proceedings under chapter 232.

■ Chapter 232 is the exclusive means of termination when a CINA proceeding is in progress. Section 232.109 provides that:

No such termination shall be ordered except under the provisions of this chapter if the court has made an order concerning the child pursuant to the provisions of division III of this chapter [CINA] and the order is in force at the time a petition for termination is filed.

Similar language is found in section 600A.5(2): "If a juvenile court has made an order pertaining to a minor child under chapter 232, division III, and that order is still in force, the termination proceedings shall be conducted pursuant to the provisions of chapter 232, division IV."

In the instant case, the child had been adjudicated a child in need of assistance, and the dispositional order had not expired. Under these facts, the express provisions of sections 232.109 and 600A.5(2) limit termination proceedings to chapter 232. The father chose chapter 600A as a vehicle for termination at a time when a chapter 600A termination was not available. Even if he had chosen chapter 232, he was not a party authorized to file a petition seeking termination under chapter 232. *See* § 232.-111(1). The juvenile court lacked authority to hear the petition and was correct in dismissing it.

*II. Redispositional order in CINA proceedings.* In this appeal the father challenges the juvenile court's redispositional order in the CINA proceedings. An earlier dispositional order provided, among other things, that the child should undergo counseling. The mother filed an application with the court to modify its dispositional order by requiring the father to pay the expense of the counseling sessions. In resistance, the father moved to dismiss this application, claiming that the dissolution decree granted the mother custody of the child and limited his financial responsibility. This motion was overruled. After a hearing, the juvenile court found the child's need for counseling was caused by the father's sexual abuse. Because the father was at fault, the court ordered him to pay the counseling expenses of the child and noted that a "[f]ailure to do so without good cause will result in contempt proceedings."

■ Because the court is not included in the list of persons authorized to file a motion seeking modification of a dispositional order in section 232.103(2), the father first asserts that the juvenile court lacked statutory authority to order a redispositional hearing on its own motion. The juvenile court ordered a redispositional hearing on its own motion to consider possible alternative counseling for the father. In a later order, the court stated that it also would consider the mother's application for fees for the child's counseling at the hearing. The father does not challenge the portion of the court's redispositional order concerning counseling for the father; he only challenges the portion ordering him to pay the cost of the child's counseling. Since the mother is a party authorized to move for a modification of the dispositional order, § 232.103(2)(b), this claim has no merit.

In his next assignment of error, the father claims the juvenile court attempted to modify the original decree of dissolution of marriage in which he was ordered to pay $400 per month for child support. He asserts that the proper jurisdiction and venue of this subject matter is vested in the district court rather than the juvenile court.

Although we do not accept the rationale outlined by the father, he is correct.

The legislature has provided express direction concerning the payment of costs of court-ordered examinations and treatment. Section 232.141(2) provides:

> Whenever legal custody of a minor is transferred by the court or whenever the minor is placed by the court with someone other than the parents or *whenever a minor is given* physical or mental examinations or *treatment under order of the court* and no provision is otherwise made by law for payment for the care, examination, or treatment of the minor, *the costs shall be charged upon the funds of the county* in which the proceedings are held upon certification of the judge to the board of supervisors. *Except where the parent-child relationship is terminated, the court may inquire into the ability of the parents to support the minor* and after giving the parents a reasonable opportunity to be heard *may order the parents to pay* in the manner and to whom the court may direct, such sums as will cover in whole or in part the cost of care, examination, or treatment of the minor. *An order entered under this section shall not obligate a parent paying child support under a custody decree, except that any part of such a monthly support payment may be used to satisfy the obligations imposed by an order entered under this section.*

(Emphasis added).

■ Because the father is obligated to pay child support under the decree dissolving his marriage to the mother, the juvenile court may not add an additional burden by assessing the costs of court-ordered counseling. Thus, the order imposing the costs of court-ordered counseling on the father in addition to his child support obligation was in violation of the provisions of section 232.141(2).

*III. Disposition of appeals.* The appeal from the order dismissing the petition for termination of the father's parental rights is affirmed.

AFFIRMED.

The appeal from that portion of the dispositional order which imposed the costs of the child's counseling on the father is reversed.

REVERSED.