# IN THE COURT OF APPEALS OF IOWA

No. 13-1690
Filed March 12, 2014

IN THE INTEREST OF B.C.,
      Minor Child,

S.C., Mother,
      Appellant.

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

A mother appeals from termination of her parental rights to one child. **REVERSED, VACATED, AND REMANDED.**

Lori J. Kieffer-Garrison, Davenport, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Michael J. Walton, County Attorney, and Julie A. Walton, Assistant County Attorney, for appellee.

Dana Copell, Davenport, for father.

Jean Capdevila, Davenport, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**MULLINS, J.**

A mother appeals from termination of her parental rights to one child, B.C., pursuant to Iowa Code sections 232.116(1)(d), (h), (i) and 232.117 (2013). The two issues in this appeal are jurisdictional: The mother argues the Iowa juvenile court in Scott County did not have temporary emergency jurisdiction to enter the removal order and did not have subject matter jurisdiction to enter the termination order. We reverse, vacate, and remand the termination, adjudication, and removal orders.

Prior to the birth of B.C., the mother lived within the Quad Cities, moving frequently between Iowa and Illinois, essentially transient. At the time, the mother had three other children living in Iowa who were the subjects of child in need of assistance (CINA) petitions. Two or three months before the birth of B.C., the mother moved in with the maternal grandmother in Rock Island, Illinois. In January 2013, B.C. was born in an Illinois hospital. Two days later, the Iowa Juvenile Court in Scott County entered an order for temporary removal. The Iowa Department of Human Services (DHS) removed B.C. directly from the Illinois hospital and placed him with an Iowa foster family, where he has remained throughout this case. In its "exparte application/affidavit for temporary removal," the petitioner State of Iowa stated, "DHS contacted DCFS in Illinois and Illinois has agreed to honor am [sic] Ex-Parte issued by the State of Iowa and allow Iowa to assume jurisdiction of the child."

We review questions of subject matter jurisdiction de novo under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), enacted as

Iowa Code chapter 598B. *In re Guardianship of Deal-Burch*, 759 N.W.2d 341, 343 (Iowa Ct. App. 2008). A party may raise subject matter jurisdiction at any time. *In re Jorgensen*, 627 N.W.2d 550, 554 (Iowa 2001). Jurisdictional requirements are mandatory, not discretionary. *In re Marriage of Ross*, 471 N.W.2d 889, 893 (Iowa Ct. App. 1991). "If the court lacks subject matter jurisdiction, it is *without authority* to hear the case and must dismiss the petition." *Id.* (emphasis in original). We review orders terminating parental rights de novo. *In re P.L.*, 788 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings of fact, especially in assessing the credibility of witnesses, but are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).

Iowa courts have temporary emergency jurisdiction "if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse." Iowa Code § 598B.204(1). Following an ex parte temporary removal order, the juvenile court confirmed the removal on January 10, 2013. The juvenile court acknowledged a jurisdictional issue, stating the following:

> The issue of jurisdiction is one that was raised during this proceeding . . . . The jurisdictional issue before the Court is whether or not the State of Iowa had sufficient jurisdictional connection to this case to rule on the Child in Need of Assistance Petition. Though there may be significant connection to Iowa to establish jurisdiction based on [the mother] living in Iowa prior to moving in with her mother, the putative father lives in Iowa, and [the mother's] two older children are children in need of assistance in Iowa with foster care placement in Iowa, the Court does not need to go down that road at this time. Iowa Code Chapter 598B.204(1) states:

> "The court of this state has temporary emergency jurisdiction if the child is present in the state and the child has been abandoned *or* (emphasis added) it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subject to or threatened with mistreatment or abuse."
>
> . . . .
>
> The Court believes that based on the language of Iowa Code Section 598B.204, because the Department of Human Services recognized that this was a child in an emergency situation, it did have the right to step in and take the necessary action to protect the child. . . . In this case jurisdiction is only provided under an emergency situation.

The added emphasis in the quotation above and the court's conclusion that this was "an emergency situation" demonstrate the juvenile court misconstrued the code section as creating temporary emergency jurisdiction simply when it is "necessary in an emergency to protect the child[.]" *See* Iowa Code § 598B.204(1). However, for Iowa courts to have any kind of temporary emergency jurisdiction, the child first must be present in the state. *See In re J.M.*, 832 N.W.2d 713, 710 (Iowa Ct. App. 2013)*; In re E.D.*, 812 N.W.2d 712, 716 (Iowa Ct. App. 2012).[1] To read this code section as the juvenile court does expands the jurisdiction of Iowa courts far beyond what is contemplated in the UCCJEA.[2]

---

[1] Therefore, Iowa courts have temporary jurisdiction when either: 1) the child is present in the state and it is necessary in an emergency or 2) the child is present in the state and the child has been abandoned. *See In re E.D.*, 812 N.W.2d at 716; Iowa Code § 598B.204(1).

[2] The comment to the UCCJEA states:

> [T]his Act should be interpreted according to its purposes which are to:
>
> (1) Avoid jurisdictional competition and conflict with courts of other States in matters of child custody which have in the past resulted in the shifting of children from State to State with harmful effects on their well-being;

It is clear in this case the mother gave birth to B.C. in an Illinois hospital, and the juvenile court entered a temporary order to remove him from the mother two days later. Iowa DHS officials removed B.C. directly from the hospital in Illinois. Because the child was not present in the State of Iowa and had never been present in the State of Iowa, the juvenile court did not have temporary emergency jurisdiction under Iowa Code section 598B.204(1) to enter a removal order. Because we decide there was no temporary emergency jurisdiction for the removal order, we need not decide whether there was subject matter jurisdiction for the subsequent orders. For purposes of establishing jurisdictional prerequisites, physical presence in this state cannot be premised on a removal order that was improvidently granted.

Accordingly, we reverse and remand for an order dismissing the petition to terminate parental rights, the CINA petition, and the removal application. *See In re J.M.*, 832 N.W.2d at 723; *In re E.D.*, 812 N.W.2d at 722; *Jorgensen*, 627 N.W.2d at 555. We vacate the termination order, the CINA adjudication order, the removal order, and the temporary removal order.

**REVERSED, VACATED, AND REMANDED.**

---

(2) Promote cooperation with the courts of other States to the end that a custody decree is rendered in that State which can best decide the case in the interest of the child[.]

UCCJEA § 101 cmt (1) and (2).