# IN THE COURT OF APPEALS OF IOWA

No. 17-0219
Filed October 11, 2017

**LAURA C. LILLIE, n/k/a/ LAURA C. SMIDDY,**
    Plaintiff-Appellee,

**vs.**

**MITCHELL R. LILLIE,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Jeffrey L. Larson(Contempt), and James M. Richardson (Petition to Modify), Judges.

Mitchell Lillie appeals the district court orders denying his motions to dismiss. **REVERSED.**

Brady J. Hoekstra, Omaha, Nebraska, for appellant.

Michael J. Winter of The Law Office of Michael J. Winter, Council Bluffs, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Mitchell Lillie appeals the district court orders denying his motions to dismiss a modification of a Nebraska dissolution decree and a contempt action. We find the district court did not have jurisdiction to consider either motion. We reverse the district court.

## I.  Background Facts and Proceedings

Laura Lillie, now known as Laura Smiddy, filed a statement for registration of a foreign judgment from the district court of Douglas County, Nebraska, in the district court for Pottawattamie County, Iowa, on November 23, 2015.  The record does not contain proof of service on Mitchell of this registration.  On May 26, 2016, Laura filed a motion to hold Mitchell in contempt for failure to pay child support.  Mitchell was served but filed a motion to dismiss, contesting Iowa's jurisdiction.

On December 8, Laura filed a petition for modification concerning the original decree entered by the Nebraska court.  Mitchell again filed a motion to dismiss.  The Iowa court held a hearing and denied both motions to dismiss. Mitchell filed an application for interlocutory appeal.  Our supreme court granted the application on March 6.

## II.  Standard of Review

Issues of jurisdiction under the Uniform Child–Custody Jurisdiction and Enforcement Act (UCCJEA), enacted as Iowa Code chapter 598B, are reviewed de novo.  *In re B.C.*, 845 N.W.2d 77, 79 (Iowa Ct. App. 2014).  "Jurisdictional requirements are mandatory, not discretionary."  *Id.*  If the court does not have jurisdiction it is required to dismiss the action.  *Id.*

### III. Modification Action

Mitchell claims the Iowa court did not have jurisdiction to consider the modification. In order to modify a custody determination made by a foreign court an Iowa court must either be the home state of the child or the child's home state must have "declined to exercise jurisdiction on the ground that [Iowa] is the more appropriate forum." Iowa Code § 598B.201 (2016). The Iowa court must also find that the foreign court has determined "it no longer has exclusive, continuing jurisdiction . . . or that a court of this state would be a more convenient forum" or determine "the child, the child's parents, and any person acting as a parent do not presently reside in the other state." *Id.* § 598B.203.

Iowa is the home state of the children as they have lived in Iowa for more than six months before the petition for modification was filed. *Id.* § 598B.102(7). However, the record indicates the requirements of section 598B.203 have not been satisfied. No determination by a Nebraska court has been entered in the record indicating Nebraska no longer has jurisdiction, or that Iowa is a more convenient forum. Mitchell continues to be served at an address in Nebraska and Laura has not disputed his residency. We find there is no subject matter jurisdiction over the modification action.

### IV. Contempt Action

Mitchell also claims the contempt action should be dismissed as Iowa does not have personal jurisdiction over him. Iowa Code section 252K.201 sets out the requirements for exercising personal jurisdiction over non-residents:

> 1. In a proceeding to establish or enforce a support order or to determine parentage of a child, a tribunal of this state may exercise

personal jurisdiction over a nonresident individual or the individual's guardian or conservator if any of the following applies:

a. The individual is personally served with notice within this state.

b. The individual submits to the jurisdiction of this state by consent in a record, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction.

c. The individual resided with the child in this state.

d. The individual resided in this state and provided prenatal expenses or support for the child.

e. The child resides in this state as a result of the acts or directives of the individual.

f. The individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse.

g. The individual asserted parentage of a child in the declaration of paternity registry maintained in this state by the Iowa department of public health pursuant to section 144.12A or established paternity by affidavit under section 252A.3A.

h. There is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.

We find none of these requirements is fulfilled. Mitchell was served in Nebraska, has not consented to the jurisdiction of Iowa, appeared only in a limited manner to contest jurisdiction, has not resided in Iowa, the children do not live in Iowa at the directive of or because of Mitchell's acts, the children were not conceived in this state, Mitchell has not asserted parentage under the laws of this state, and there is no other constitutional basis to establish personal jurisdiction. Therefore, we find there is no personal jurisdiction over Mitchell relating to the contempt action.

**REVERSED.**