**IN THE COURT OF APPEALS OF IOWA**

No. 18-0432
Filed August 15, 2018

**IN THE INTEREST OF S.P.,**
**Minor Child,**

**C.P., Guardian,**
    Appellant.

_____

    Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

    The maternal grandmother and guardian of a child appeals the termination of the mother's parental rights and the termination of her guardianship. **AFFIRMED IN PART AND VACATED IN PART.**

    Randall L. Jackson of Law Office of Randall L. Jackson, Des Moines, for appellant.

    Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

    John P. Jellineck, Juvenile Public Defender, Des Moines, guardian ad litem for minor child.

    Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

The maternal grandmother and guardian of a child, C.P., appeals the termination of the mother's parental rights and the termination of her guardianship. We do not address C.P.'s claims regarding the permanency order. We affirm the juvenile court's order terminating the rights of the parents. We vacate the portion of the termination order addressing C.P.'s guardianship because the juvenile court did not have subject matter jurisdiction to address the issue.

## I. Background Facts & Proceedings

B.P. and W.D. are the parents of S.P., who was born in 2011. The child has spent most of her life in the care of the maternal grandmother, C.P., who stated she became the child's guardian after court proceedings in Illinois. While living in Iowa, the child was removed from C.P.'s care in February 2017 due to C.P.'s unresolved substance-abuse issues. The child was placed in foster care in Iowa. S.P. was adjudicated to be a child in need of assistance pursuant to Iowa Code section 232.2(6)(b), (c)(2), and (n) (2017).

On August 2, 2017, C.P. pleaded guilty to forgery. She received a suspended sentence and was placed on probation. C.P. violated her probation and was incarcerated. At a permanency hearing in December 2017, C.P. advocated to have S.P. placed with family friends in Illinois. The juvenile court determined S.P. should remain in the foster home in Iowa where she had been living since February 2017. The court denied C.P.'s rule 1.904(2) motion seeking to appoint an attorney for the child in addition to a guardian ad litem (GAL) and to consider new evidence.

On January 9, 2018, the State filed a petition seeking to terminate the parental rights of B.P. and W.D. The petition noted C.P. was the legal guardian of S.P. but did not request termination of the guardianship or set forth any grounds for termination of the guardianship. The juvenile court terminated the parents' rights under section 232.116(1)(b) (2018). The court found termination was in the child's best interests. The court also ruled:

> By operation of law and full faith and credit and this Court's exclusive jurisdiction, any guardianship that [C.P.] had via courts in Illinois shall be null and void or otherwise cease to have any legal effect or impact upon six year old [S.P.] who is in Iowa DHS guardianship for purposes of adoption.

C.P. appeals the juvenile court's ruling.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). The paramount concern in termination cases is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Permanency Order

The juvenile court entered a permanency order on December 13, 2017. The court denied C.P.'s request to have the child placed with family friends in Illinois. C.P. filed a rule 1.904(2) motion, asking the court to appoint an attorney for the child, in addition to the GAL. She also sought to present new evidence. The court denied C.P.'s motion.[1] The permanency order was not a final order for purposes

---

[1] C.P. appealed the permanency order on January 10, 2018. The Iowa Supreme Court considered the appeal as an application for interlocutory appeal, finding, "the appealed from order is not a final order for purposes of appeal." The application was denied and procedendo was filed on March 9, 2018.

of appeal. *See In re T.R.*, 705 N.W.2d 6, 11 (Iowa 2005). Furthermore, the provisions of the permanency order "will inure or be subsumed in the termination order in the termination proceeding." *See id.* Therefore, we do not address C.P.'s claims regarding the permanency order.

### IV. Termination of Parental Rights

C.P. claims the juvenile court should not have terminated the rights of the child's parents. C.P., as the grandmother and guardian of the child, does not have standing to challenge the termination of the parents' rights. *See In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007) (finding a father did not have standing to challenge the termination of the mother's parental rights). We affirm the juvenile court's order terminating the rights of the parents.

### V. Subject Matter Jurisdiction

In addition to terminating the rights of the parents, the termination order stated the court was terminating C.P.'s guardianship. C.P. claims the status of the guardianship was not a proper subject for the court's review in the termination order.

We first consider whether the juvenile court had subject matter jurisdiction to rule on the continued viability of the Illinois guardianship. "Questions concerning this court's jurisdiction may be raised upon the court's own motion." *In re M.T.*, 714 N.W.2d 278, 281 (Iowa 2006). Our supreme court has stated:

> Because the defense of lack of subject matter jurisdiction may not be waived and subject matter jurisdiction may not be established by consent or estoppel, such a challenge may be raised at any time, even for the first time on appeal, and this court may also raise the issue sua sponte.

*State ex rel. Vega v. Medina*, 549 N.W.2d 507, 508 (Iowa 1996).

C.P. stated she became the child's guardian after court proceedings in Illinois. The State acknowledged C.P. was the child's legal guardian, stating as a fact in the termination petition, "That the legal guardian of [S.P.] is [C.P.]" The termination order also stated, "[C.P.] has had guardianship of [S.P.], based on an Illinois court order entered prior to the original CINA case opening approximately three and a half years ago in 2014 here in Iowa." The guardianship order, however, was not made a part of the record in the CINA or termination proceedings.

Additionally, there is no evidence to show C.P. registered the Illinois guardianship in Iowa. *See* Iowa Code § 633.718 (providing for the registration of foreign guardianship orders). Therefore, the guardianship continued to be governed by Illinois law.[2] The guardianship could be terminated in Illinois under Illinois law. *See* 705 Ill. Comp. Stat. 405/2-31 (providing a guardianship may be terminated in Illinois before a child reaches the age of nineteen if termination is in the child's best interests). "[T]he termination must be made in compliance with Section 2-28." *Id.* 405/2-31(2). Section 405/2-28.1 sets out the Illinois requirements for hearings, including hearing officers, evidence, and findings of fact.

Because S.P. is a child, Iowa could obtain jurisdiction to terminate the guardianship under the Uniform Child-Custody Jurisdiction Enforcement Act

---

[2]   If the guardianship was registered in Iowa, then the guardian could maintain actions and proceedings in Iowa. *See* Iowa Code § 633.720. As noted, however, there is no evidence to show the guardianship was registered in Iowa.

(UCCJEA), Iowa Code chapter 598B.[3] *See In re Guardianship of Deal-Burch*, 759 N.W.2d 341, 344 (Iowa Ct. App. 2008) (noting the drafters of the UCCJEA "clearly intended to expand the reach of the statute to include proceedings concerning guardianships of children"); *see also* Iowa Code § 598B.102(3) (defining "child-custody proceedings" to include guardianship proceedings). Absent a finding Iowa had jurisdiction to modify the guardianship under the criteria in section 598B.203, Illinois, the state making the initial guardianship determination, had exclusive, continuing jurisdiction under section 598B.202. *See White v. Harper*, 807 N.W.2d 289, 293 (Iowa Ct. App. 2011) (finding Iowa would have jurisdiction to modify a Tennessee custody order only if the provisions for modification under section 598B.203 were satisfied).

The parties in this case did not mention the UCCJEA, no evidence was presented on the issue of whether Iowa had jurisdiction to terminate the guardianship, and the court did not make any findings pertaining to the UCCJEA. None of the underlying steps were taken which would have permitted the juvenile court to exercise jurisdiction over the guardianship under the UCCJEA. *See, e.g.*, Iowa Code §§ 598B.203 ("Jurisdiction to modify determination"), .205 ("Notice—opportunity to be heard—joinder"), .209 ("Information to be submitted to court"). Furthermore, no evidence was presented and no findings were made as to whether Iowa was the child's home state. *See id.* § 598B.201; *see also Deal-Burch*, 759

---

[3] For adults, the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act applies. *See* Iowa Code § 633.700.

N.W.2d at 344 (noting Iowa had jurisdiction of a temporary guardianship where Iowa was the child's home state).

Because the necessary evidence was not presented or the requisite findings made to permit jurisdiction under the UCCJEA, the juvenile court did not have subject matter jurisdiction to terminate the guardianship. *See In re B.C.*, 845 N.W.2d 77, 79 (Iowa Ct. App. 2014) (noting jurisdiction under the UCCJEA is a matter of subject matter jurisdiction). The jurisdictional requirements of the UCCJEA "are mandatory, not discretionary." *Id.* "If the court lacks subject matter jurisdiction, it is *without authority* to hear the case and must dismiss the petition." *Id.* (quoting *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010)).

We conclude the juvenile court did not have subject matter jurisdiction to address the issue of whether the guardianship should be terminated. We vacate the court's ruling on this issue.

**AFFIRMED IN PART AND VACATED IN PART.**