# IN THE COURT OF APPEALS OF IOWA

No. 18-2014
Filed February 20, 2019

**IN THE INTEREST OF D.L., E.L., and J.L.,**
**Minor Children,**

**C.G., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Rose Anne Mefford, District Associate Judge.

A mother appeals the juvenile court's removal of her children and their adjudication as children in need of assistance. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Peter W. Stiefel, Victor, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Patrick J. Mahaffey of Mahaffey Law Office, Montezuma, guardian ad litem for minor children.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court's removal of her children and their adjudication as children in need of assistance (CINA). We find the juvenile court had subject matter jurisdiction to remove the children, who were originally from Texas, under the temporary emergency jurisdiction provision of the Uniform Child-Custody Jurisdiction Enforcement Act (UCCJEA), Iowa Code section 598B.204 (2018), and affirm the removal of the children. On the issue of the CINA adjudication and dispositional orders, we reverse the juvenile court and remand for a determination of whether Texas has declined jurisdiction and whether Iowa has become the children's home state.

## I. Background Facts & Proceedings

J.L., father, and C.G., mother, are the parents of E.L., born in 2014, J.L., born in 2016, and D.L., born in 2017. The family lived in Texas but came to Iowa in June 2018 for the father's employment. On August 1, 2018, a social worker from Texas contacted Iowa law enforcement and asked for a welfare check on the children.[1] The family was living in a hotel. The officers found the children alone in the care of their seven-year-old paternal half-brother and the room in disarray. The mother came while officers were present.

The next day, a worker from the Iowa Department of Human Services (DHS) went to the hotel room accompanied by officers. They found the following conditions:

> There were feces on the bathroom floor. The hotel room was
> covered with old food, clothing, and trash. A number of choking

---

[1] The family had been involved with the Texas Department of Family and Protective Services before they came to Iowa.

> hazards were noted. There was medication and cleaning chemicals accessible to the children. There was old and rotted food noted on the counter surfaces in the hotel. There was a lit candle accessible to the children. [C.G.] had not been awake for the day. (This was at approximately 2:00 p.m.) The children reported they had nothing to eat or drink that day. The children were dirty and unclothed.

The DHS worker took the children to the emergency room. J.L. had linear marks on her right thigh, and the other children stated the mother had struck her with a belt. All three children had head lice. Additionally, they were ill and required antibiotics.[2] The parents were charged with child endangerment.

The children were removed from the parents' care on August 3. After a temporary removal hearing, the juvenile court found it had jurisdiction based on "the severe neglect of these children and the need for an emergen[cy] removal." The children were placed in foster care in Iowa.[3]

On September 13, the children were adjudicated CINA under section 232.2(6)(c)(2) and (n). The court denied the mother's motion to dismiss for lack of subject matter jurisdiction. At the dispositional hearing, held on November 8, the mother again raised the issue of jurisdiction, which the court rejected. The mother appealed the removal and CINA orders.

## II.     Standard of Review

We review questions of subject matter jurisdiction under the UCCJEA de novo. *In re B.C.*, 845 N.W.2d 77, 79 (Iowa Ct. App. 2014). In our de novo review, "[w]e give weight to the juvenile court's findings of fact, especially in assessing the credibility of witnesses, but are not bound by them." *Id.*

---

[2]  D.L. had an ear infection. E.L. and J.L. had either impetigo or a strep infection.
[3]  The seven-year-old was also removed and returned to his mother's care.

### III.    Subject Matter Jurisdiction

"The UCCJEA is a jurisdictional act that includes proceedings involving the physical custody and visitation of a child as well as child-custody proceedings involving neglect and abuse."  *In re E.D.*, 812 N.W.2d 712, 716 (Iowa Ct. App. 2012).  The jurisdictional requirements of the UCCJEA are mandatory, not discretionary.  *B.C.*, 845 N.W.2d at 79.  "Neither the parties nor the court may waive the issue of subject matter jurisdiction by consent or through failure to address or prove jurisdiction."  *In re J.M.*, 832 N.W.2d 713, 719 (Iowa Ct. App. 2013).  In CINA proceedings, if the juvenile court does not have subject matter jurisdiction under the UCCJEA, the action must be dismissed.  *B.C.*, 845 N.W.2d at 79.

**A.**    The juvenile court found there was subject matter jurisdiction to remove the children from the parents' care under the temporary emergency jurisdiction provision of the UCCJEA.  Section 598B.204(1) provides:

> A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

"[S]ection 598B.204 entitles the court to exercise temporary emergency jurisdiction over a child 'present in this state,' in an emergency because the child 'is subjected to or threatened with mistreatment or abuse.'"  *E.D.*, 812 N.W.2d at 716 (quoting Iowa Code § 598B.204(1)).  "A custody determination made under the court's temporary emergency jurisdiction is a temporary order."  *J.M.*, 832 N.W.2d at 720.  Temporary emergency jurisdiction under section 598B.204 is considered "an

extraordinary jurisdiction reserved for extraordinary circumstances." *E.D.*, 812 N.W.2d at 717.

We find the juvenile court properly exercised temporary emergency jurisdiction when it removed the children. The children were present in Iowa and had been subjected to mistreatment and abuse by the parents. When the court removed the children on August 3, 2018, the children were the ages of three, two, and one. They did not have the ability to provide for their own needs. They were dirty and unclothed and had not been given anything to eat or drink that day. The parents had not been meeting the children's medical needs, as the children needed treatment with antibiotics. Furthermore, J.L. had bruising, swelling, and linear marks on her right thigh and the other children said the mother had struck the child with a belt. Both parents were criminally charged with child endangerment. The court properly took emergency action to protect the children.

**B.** The exercise of emergency jurisdiction under section 598B.204(1) "only confers authority to enter temporary protective orders." *Id.* Subsequent CINA adjudication and dispositional orders may "not be premised upon the grant of temporary emergency jurisdiction provided in section 598B.204(1)." *Id.* at 718; *see also J.M.*, 823 N.W.2d at 720 ("A court cannot premise a subsequent child in need of assistance adjudication and dispositional order on section 598B.204(1) alone."). Thus, there must be a separate determination of whether Iowa has subject matter jurisdiction for the CINA orders.

The State has the burden to make a prima facie showing of jurisdiction under the UCCJEA. *J.M.*, 832 N.W.2d at 721. We are hampered in determining

what evidence was offered by the State on the issue of jurisdiction because we do not have transcripts from the adjudication or dispositional hearing.[4]

Furthermore, the juvenile court did not specify the statutory basis for the determination the court had subject matter jurisdiction. The court found the children had resided in Iowa since June 2018, the parents moved to Iowa, and Texas had dismissed its juvenile proceedings involving the children.

Iowa is not the children's home state, as the term is defined in section 598B.102(7), because they had not been living in Iowa for six months at the time the CINA petition was filed. The children came to Iowa in June 2018 and the petition was filed on August 6, 2018. We conclude Iowa does not have subject matter jurisdiction as the children's home state.

"A court that has exercised temporary emergency jurisdiction can become the child's home state under certain circumstances." *E.D.*, 812 N.W.2d at 719. Section 598B.204(2) provides:

> If a child-custody proceeding has not been or is not commenced in a court of a state having jurisdiction under sections 598B.201 through 598B.203, a child-custody determination made under this section becomes a final determination, if it so provides and this state becomes the home state of the child.

In considering this provision, we have stated, "One of the difficulties of this provision for the trial court is determining if a child-custody proceeding has been

---

[4] Counsel for the mother obtained audio recordings from the hearings and submitted a statement pursuant to Iowa Rule of Appellate Procedure 6.806(1). The record does not show the mother's statement was approved by the court. *See* Iowa R. App. P. 6.806(3) ("The statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval. The statement as settled and approved shall be filed with the clerk of the district court and the clerk of the supreme court."). Because the statement was not approved, we do not rely on the mother's statement concerning the adjudication and dispositional hearings.

commenced or will be commenced in another state." *Id.* We determined when a child's home state is not Iowa, even when the court is not informed of proceedings in another state, "the better practice is for the court itself to make this communication to clarify jurisdiction before proceeding, and ensure there are not two competing orders or actions." *Id.* at 720. We stated in order for Iowa to have subject matter jurisdiction, there should be evidence of communication with the other state and an order showing the state declined jurisdiction. *Id.* at 720–21; *see also* Iowa Code § 598B.201(1)(b) (providing Iowa would have jurisdiction if the court of the child's home state declined to exercise jurisdiction).

The only evidence on this issue is the testimony of Meagan See, a child abuse investigator with DHS, who stated at the removal hearing she had been told Texas closed its case on the children but she did not have a written order. The State claims the present record is not sufficient to show Iowa has subject matter jurisdiction of the CINA proceedings and asks for the case to be remanded for a determination of whether Texas has declined jurisdiction and whether Iowa has become the children's home state. We agree with the State's request.

We follow the disposition found in *E.D.*, 812 N.W.2d at 722:

> We reverse and remand and upon remand the court shall enter an order dismissing the CINA petition. We also vacate the order adjudicating the child[ren] as . . . CINA, as well as the subsequent dispositional order. The emergency temporary order shall remain in effect pursuant to section 598B.204, for a period of sixty days from the filing of the procedendo in this case. On remand, the juvenile court may contact the [Texas] courts to determine if that state is willing to exercise jurisdiction in this case. If [Texas] is willing to exercise jurisdiction, the juvenile court must defer to the exercise of that jurisdiction and transfer this case to [Texas] for further proceedings. If [Texas] declines to exercise jurisdiction, the juvenile court may proceed to exercise of jurisdiction in any newly filed CINA proceedings pursuant to section 598B.201(1)(b).

(Footnote omitted).

On remand, the parties should file jurisdictional affidavits. Additionally, the juvenile court should determine the specific statutory basis for its exercise of subject matter jurisdiction. While the matter is pending on remand, the emergency temporary removal order remains in effect. We do not retain jurisdiction.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**