# IN THE COURT OF APPEALS OF IOWA

No. 21-0337
Filed February 16, 2022

**IN THE INTEREST OF R.G. AND L.G.,**
**Minor children,**

**C.G., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.

A father appeals a district court order terminating his parental rights.

**REVERSED AND REMANDED WITH DIRECTIONS.**

Adam M. Stone, Urbandale, for appellant father.

Jaclyn M. Zimmerman and Brooke J. Thompson of Miller, Zimmerman & Evans, PLC, Des Moines, for appellee mother.

Thomas J. Miller, Attorney General, and Chandlor Collins, Assistant Attorney General.

Kayla Stratton, Des Moines, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

A father appeals a district court order terminating his parental rights as a result of a petition filed by the mother. The district court did not have subject matter jurisdiction to consider the termination petition filed by the mother as she lacked standing to seek termination of the father's parental rights under Iowa Code chapter 232 (2019). We reverse the decision of the district court and remand with directions to dismiss the petition.

## I.      Background Facts & Proceedings

C.G. is the father of R.G., born in 2006, and L.G., born in 2012. The mother of the children is J.P. The parties previously lived in Wisconsin, and a Wisconsin court order placed the children's custody with the father. The mother moved to Iowa. The family became involved with the Iowa Department of Human Services (DHS) in October 2017. In 2017, utilizing temporary emergency jurisdiction under Iowa Code section 598B.204 (2017), the district court placed the children in the custody of the mother in Iowa. Before the child-in-need-of-assistance (CINA) adjudication, the district court conducted a separate hearing on jurisdiction pursuant to the Uniform Child Custody and Jurisdiction Act and determined the Wisconsin court relinquished jurisdiction. At the time of the termination hearing, the parents did not have an Iowa custody order outside of the juvenile proceedings.[1]

The district court determined the children were CINA, under Iowa Code section 232.2(6)(b) and (c)(2). On May 30, 2019, the mother filed a petition

---

[1] The mother filed a motion for concurrent jurisdiction in April 2018. The record does not appear to contain a ruling on this motion.

seeking to terminate the father's parental rights. The mother's petition requested termination under Iowa Code section 232.116(1)(b), (d), and (f) (2019) and also section 600A.8(3) and (4).[2] The State, representing DHS, took no position on the termination of the father's parental rights. The guardian ad litem (GAL) for the children did not file a report or joinder in the mother's petition but argued at the termination hearing that termination of the father's parental rights would be in the children's best interests. Neither the State nor the GAL participate in the instant appeal.

The district court found that it had personal and subject matter jurisdiction to consider the termination petition. The court terminated the father's parental rights under section 232.116(1)(d) and (f). The court made no findings under chapter 600A. The father appeals.

## II.      Standard of Review

Ordinarily, our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The juvenile court's interpretation of a statute, however, is reviewed for the correction of errors at law. *State v. Crooks*, 911 N.W.2d 153, 161 (Iowa 2018).

---

[2] "Chapter 232 is the exclusive means of termination when a CINA proceeding is in progress." *In re H.J.E.*, 359 N.W.2d 471, 474 (Iowa 1984); *see also* Iowa Code § 232.109. The district court did not consider the mother's request for termination of the father's parental rights under chapter 600A, and the mother did not file a motion pursuant to Iowa Rule of Civil Procedure 1.904 requesting a ruling under Iowa Code chapter 600A. Consequently, we do not address whether termination would have been proper under this chapter.

### III.     Subject Matter Jurisdiction

The father claims the district court did not have subject matter jurisdiction because the mother lacked authority to seek termination of his parental rights under Iowa Code chapter 232.  He asserts that because the mother could not file a termination petition under chapter 232, the court did not have jurisdiction to consider her petition.  The father concedes that this issue was not raised before the district court.  However, subject matter jurisdiction may be raised at any time. *In re B.C.*, 845 N.W.2d 77, 79 (Iowa Ct. App. 2014).

Section 232.111(1) provides, "A child's guardian, guardian ad litem, or custodian, the department of human services, a juvenile court officer, or the county attorney may file a petition for termination of the parent-child relationship and parental rights with respect to a child."

Our supreme court has concluded that a parent cannot initiate termination proceedings under chapter 232.  In *H.J.E.*, a CINA action was pending when the father filed a petition seeking to terminate his own parental rights.  359 N.W.2d at 474.  The Iowa Supreme Court stated:

> The father chose chapter 600A as a vehicle for termination at a time when a chapter 600A termination was not available.  Even if he had chosen chapter 232, he was not a party authorized to file a petition seeking termination under chapter 232.  The juvenile court lacked authority to hear the petition and was correct in dismissing it.

*Id.* (citation omitted).  After considering the terms of section 232.111, the supreme court found, "Consequently, a parent cannot initiate termination proceedings under chapter 232."[3]  *Id.*

---

[3] The mother asserts this statement from our supreme court was dicta.

In the case *In re H.S.*, each of the fathers of the mother's two children filed petitions under chapter 232 to terminate the mother's parental rights. 805 N.W.2d 737, 739 (Iowa 2011). The Iowa Supreme Court noted a parent is not authorized to petition for termination under chapter 232. *Id.* at 739 n.3 ("Chapter 600A, not chapter 232, authorizes the filing of termination petitions by parents."). However, the court noted the petitions were permitted because the State and GAL joined in the petitions filed by the fathers and no party argued against joinder. *Id.* In the instant proceeding, the State did not join the mother's petition and the GAL did not file a joinder or pleading.[4]

Our supreme court has set out two mechanisms for termination of parental rights.

> "Iowa has alternative statutory proceedings for terminating parent-child relationships." *In re J.L.L.*, 414 N.W.2d 133, 133 (Iowa 1987). Under Iowa Code chapter 232, several parties, including the county attorney and the department of human services, may petition the district court to terminate a parent-child relationship. Iowa Code § 232.111(1). Once filed, generally only the county attorney may present evidence in support of the petition. *Id.* § 232.114(1). *But see id.* § 232.114(2) (attorney general may be substituted in limited circumstances). This procedure, which we shall refer to as a "232 termination," "calls for the furnishing of an attorney at public expense when requested by indigent parties." *J.L.L.*, 414 N.W.2d at 134; Iowa Code § 232.113(1).
> Another termination procedure, utilized in adoption proceedings, is contained in Iowa Code chapter 600A. Pursuant to chapter 600A, "a parent or prospective parent" may petition a juvenile court to terminate parental rights. Iowa Code § 600A.5(1); *see, e.g.*, *In re R.K.B.*, 572 N.W.2d 600, 601 (Iowa 1998). This procedure,

---

[4] The State informed the court it took no position on the termination. The family's DHS caseworker testified that she believed modification of the existing custody order between the parents was the least restrictive outcome and in the children's best interests. The GAL did not file a joinder in the mother's petition nor written report. In *H.S.*, the supreme court indicated in footnote 3, that no one disputed the petition was joined by the GAL or the State. 805 N.W.2d at 739 n.3. In the instant record, standing is the issue on appeal.

characterized as a "600A termination," is prosecuted by the private party filing the petition, not the county attorney.

*In re S.A.J.B.*, 679 N.W.2d 645, 647–48 (Iowa 2004).

Section 232.111 states that a petition for termination of parental rights may be filed by a custodian of the child. The term "custodian" is defined in section 232.2(11):

> a. "Custodian" means a stepparent or a relative within the fourth degree of consanguinity to a child who has assumed responsibility for that child, a person who has accepted a release of custody pursuant to subchapter IV, or a person appointed by a court or juvenile court having jurisdiction over a child.
> b. The rights and duties of a custodian with respect to a child are as follows:
> > (1) To maintain or transfer to another the physical possession of that child.
> > (2) To protect, train, and discipline that child.
> > (3) To provide food, clothing, housing, and medical care for that child.
> > (4) To consent to emergency medical care, including surgery.
> > (5) To sign a release of medical information to a health professional.
> c. All rights and duties of a custodian shall be subject to any residual rights and duties remaining in a parent or guardian.

The father claims there is a distinction between a "custodian" and a "parent." He asserts that the mother could not be a custodian under section 232.2(11)(a). The mother asserts that she is a custodian of the children based on the CINA adjudication and disposition order filed on November 27, 2018.[5] The order states, "The children shall remain with a parent, guardian or custodian." The CINA order filed on November 27, 2018, also stated, "The temporary legal custody of the

---

[5] To the extent the mother argues that 232.111(3) creates a separate class authorized to file a petition, rather than authorizing the filing of a petition without a filing fee, she acknowledges she did not seek specific authorization as standing was not raised at the trial court level.

children is retained by or placed with a parent, [J.P.], under DHS supervision." A custodian, as defined in section 232.2(11)(b)(1) has the right "to maintain or transfer to another the physical possession of the child." *See In re L.A.*, No. 18-2200, 2019 WL 719057, at *1 (Iowa Ct. App. Feb. 20, 2019).

We agree with the father that the mother was not an authorized party to file a termination petition. Given the language drafted by the legislature in chapter 232, a custodian or guardian for purposes of the statute cannot be a parent. The language of the order distinguishes between parents, guardians, and custodians by listing "a parent, guardian *or* custodian." (Emphasis added.) "The use of the disjunctive conjunction 'or' to connect the terms implies the legislature intended 'parent,' as well as 'guardian' and 'custodian,' to mean something different than the more encompassing terms." *In re H.W.*, 961 N.W.2d 138, 142 n.4 (Iowa Ct. App. 2021) (discussing section 232.2(6)(d)).

First, section 232.2(11)(c) states, "All rights and duties of a custodian shall be subject to any residual rights and duties remaining in a parent or guardian." The term "parent" is defined in section 232.2(39), which is separate from the definition of a custodian in section 232.2(11). *See In re C.Y.-E.*, No. 14-0981, 2015 WL 4481783, at *4 (Iowa Ct. App. July 22, 2015). Section 232.2(21) provides in relevant part that a "'[g]uardian' means a person who is not the parent of a child."

Second, the language of section 232.2(11)(c) provides, in part, that the rights and duties of a "custodian" shall be subject to any residual rights and duties remaining in a "parent." This provision distinguishes a "custodian" from a "parent," clearly implying that a "parent" is not a "custodian." If the legislature was considering a parent and a custodian to be the same, there is would be no need

to list each of them. The legislature could have included a parent as an authorized party if they so intended, as was done in the list of persons authorized to file a petition under Iowa Code chapter 600A. *See* Iowa Code § 600A.5(1)(a). Based on the clear statutory language, we determine that a parent is not considered a custodian or guardian in chapter 232.

We acknowledge several unpublished cases of our court may muddy the waters on this issue. In *In re S.R*, the court focused on whether the parent filing a petition to terminate parental rights under chapter 232 meets the definition of a "custodian" in section 232.2(11). No. 00-0884, 2001 WL 539670, at *1 (Iowa Ct. App. May 23, 2001). A father filed a petition under chapter 232 seeking to terminate the mother's parental rights. *Id.* The Illinois juvenile court previously placed the children in the custody of the father. *Id.* at *2. The Iowa Court of Appeals determined the father came within the definition of a custodian under section 232.2(11)(a), as he was "a person appointed by a court or juvenile court having jurisdiction over a child."[6] *Id.*; *see also In re J.D.*, No. 21-0351, 2021 WL 2453369, at *2 n.7 (Iowa Ct. App. June 16, 2021) ("We have held a parent with custody of the child has standing as 'custodian' for purposes of filing a petition for the termination of parental rights." (citing *S.R.*, 2001 WL 539670, at *2)).

Other decisions of our court support a determination that a parent does not have standing to file a petition under Iowa Code chapter 232. In the case *In re J.C.*, the parents filed a petition under chapter 232 requesting termination of their

---

[6] Our court distinguished *H.J.E.*, finding "its assertion 'a parent cannot initiate termination proceedings under chapter 232'" was dicta. *S.R.*, 2001 WL 539670, at *2 (quoting *H.J.E.*, 359 N.W.2d at 474).

parental rights to children they had adopted. No. 03-0949, 2003 WL 22345729, at *2 (Iowa Ct. App. Oct. 15, 2003). The Iowa Court of Appeals found the parents did not come within the definition of "custodian" in section 232.2(11). *Id.* at *4. The court determined section 232.2(11) "distinguishes a 'custodian' from a 'parent.'" *Id.* The court concluded the parents were not permitted to file a petition to terminate their parental rights under chapter 232.[7] *Id.*; *see also In re G.A.*, 826 N.W.2d 125, 127 n.1 (Iowa Ct. App. 2012) (recognizing the difference between termination under chapter 600A and termination under chapter 232).

Our prior unpublished opinions do not bind us. *State v. Kraai*, No. 19-1878, 2021 WL 1400366, at *6 (Iowa Ct. App. Apr. 14, 2021) (declining to follow prior unpublished opinions), *aff'd*, ___ N.W.2d ___, 2022 WL 258199, at *5 (Iowa 2022) (same). This court's prior opinions "serve as guidance for the trial bench and bar." *Id.* We strive for consistency in our decisions. *Id.* However, unpublished opinions are not "controlling legal authority." Iowa R. App. P. 6.904(2)(c); *accord State v. Shackford*, 952 N.W.2d 141, 145 (Iowa 2020) (explaining unpublished decisions are not "precedential"); *State v. Lindsey*, 881 N.W.2d 411, 414 n.1 (Iowa 2016) (noting "unpublished decisions of the court of appeals do not constitute binding authority" but may help "define the issues" before the district court).

We seek to provide clarification for the bar and our trial courts. We conclude the mother is not a custodian or guardian within the meaning of section 232.1(111) and, therefore, the mother did not have the authority to file a petition to terminate

---

[7] The court stated that although the statement, "a parent cannot initiate termination proceedings under chapter 232," was arguably dicta, the court's conclusion was "fully supported by and consistent with the language." *J.C.*, 2003 WL 22345729, at *4 (first quotation quoting *H.J.E.*, 359 N.W.2d at 474).

the father's parental rights under chapter 232.  While the mother's petition included grounds under chapter 600A, the district court did not rely on such for termination of the father's rights.  In *H.J.E.*, our supreme court, in analyzing section 232.111, stated that "a parent cannot initiate termination proceedings under chapter 232." 359 N.W.2d at 474.  While it is argued this language is dicta, our analysis and conclusion in this case is nevertheless fully supported by and consistent with language quoted from the opinion as well as the analysis and result in that case. Our determination is in line with the clear language of Iowa Code chapter 232.  We conclude the district court's order terminating the father's parental rights must be reversed and the case remanded with directions to dismiss the petition.

**REVERSED AND REMANDED WITH DIRECTIONS.**